Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA 19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
Proposed Counsel for the Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | : |
| | :    **Chapter 11** |
| **BLT Restaurant Group LLC,** | : |
| | : |
|             Debtor. | :    **Bankruptcy No. 22-10335-lgb** |
| | : |

**MOTION OF DEBTOR FOR INTERIM AND FINAL AUTHORITY TO (I) MAINTAIN AND ADMINISTER PREPETITION CUSTOMER PROGRAMS, PROMOTIONS, AND PRACTICES, AND (II) PAY AND HONOR RELATED PREPETITION OBLIGATIONS**

BLT Restaurant Group LLC by and through proposed counsel, Ciardi Ciardi & Astin, hereby presents the Motion of Debtor for Interim and Final Authority to (i) Maintain and Administer Pre-Petition Customer Programs, Promotions, and Practices, and (ii) Pay and Honor related Pre-Petition Obligations (the "Motion") and in support thereof respectfully represents:

**BACKGROUND**

1.  On March 18, 2022 (the "Petition Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in this chapter 11 case.

1

## JURISDICTION

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

3. By this Motion, pursuant to sections 105(a), 363(b), and 507(a) of the Bankruptcy Code, the Debtor requests authority, on an interim and final basis, to (i) maintain and administer pre-petition customer programs, promotions, and practices, and (ii) pay and otherwise honor their obligations to customers relating thereto, whether arising prior to or after the Petition Date, as necessary and appropriate in the Debtor's business judgment in the ordinary course of business and consistent with past practice.

## THE DEBTORS' CUSTOMER PROGRAMS

4. The Debtor's business depends on the loyalty of its customers. To maximize customer loyalty, the Debtors have maintained and followed, in the ordinary course of business, the practices and programs described below (collectively, the "Customer Programs") which provide incentives to existing customers and attract new customers to the Debtor's restaurants. The Customer Programs described below are standard in the restaurant business – specifically, the franchise restaurant business.

5. Since 2004, the Debtor represented the best in hospitality, through extraordinary food and unparalleled service. Today, the Debtor is a family of well known, reputable restaurants throughout the world:

a) BLT Steak LLC
b) BLT Steak Waikiki LLC
c) BLT Prime Lexington LLC
d) BLT Steak DC LLC

2

Of the foregoing locations, the Debtor owns 100% of BLT Steak LLC, BLT Steak Waikiki LLC, BLT Prime Lexington LLC, and owns 75% of BLT Steak DC LLC. These locations continue to operate (the "Operating Restaurants"). Prior to the Petition Date, the Closed Entities[1], as that term is defined in the Plan, ceased operations. The Debtor manages BLT Prime DC LLC, BLT Prime Doral LLC, BLT Steak Florentine LLC, and BLT Steak Charlotte LLC pursuant to management agreements with each restaurant. The Debtor does not own any of the aforementioned managed restaurants but only provides management services through management agreements.

A.  **Gift Card Program**

6. The Debtor offers customers the ability to purchase gift cards and therefore maintains a gift card program (the "Gift Card Program") across all of its restaurants by which its customers can purchase physical or electronic, pre-paid, non-expiring gift cards (the "Gift Cards") in various denominations that can be used at any of the BLT Restaurant Group restaurants.

7. The Debtor believes that any customer claims arising under the Gift Card Program are entitled to priority over other general unsecured claims pursuant to Section 507(a)(7) of the Bankruptcy Code.

8. To ensure that the Debtor's customers can continue to purchase and use Gift Cards, the Debtor seeks authority to maintain the Gift Card Program after the Petition Date and to honor all Gift Cards purchased by or issued to customers prior to the Petition Date. Specifically, the subject Gift Cards are to be honored by the Operating Restaurants.

---

[1] BLT Burger DC LLC, E2 Development and Construction, 101 West 57 Restaurant LLC, BLT Steak White Plains LLC, and Casa Nonna NYC are entities that are no longer operating as of the Petition Date and are referred to herein as the "Closed Entities".

3

## BASIS FOR RELIEF REQUESTED

A. **Ample Authority Exists to Support Payment of the Customer Obligations including the Gift Card Program.**

9. Under section 363(b)(1) of the Bankruptcy Code, "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363 (b)(1). This provision grants a court broad flexibility to authorize a debtor to pay prepetition claims where a sound business purpose exists. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989). In addition, under Section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). Pursuant to section 105(a) and the doctrine of necessity, the bankruptcy court may exercise its broad equitable powers to authorize the payment of prepetition obligations when such payment is essential to the continued operation of a debtor's business. *See, e.g., In re Just for Feet, Inc.*, 242 B.R. 821, 824-24 (D. Del. 1999)(holding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit, and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11." *In re Columbia Gas Sys., Inc.*, 171 B.R. 189, 191-92 (Bankr. D. Del. 1994) (Confirming that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to the confirmation of a reorganization plan.).

10. Bankruptcy courts regularly rely on their authority under section 105(a) and the doctrine of necessity to grant debtors the discretionary authority to pay certain prepetition claims "where the payment is necessary to permit the effectuation of the

4

rehabilitative purposes of the Bankruptcy Code." *In re Sharon Steel Corp.*, 159 B.R. 730, 736 (Bankr. W.D. Pa. 1993); *see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation of the debtor); *Ionosphere Clubs*, 98 B.R. at 175 (authorizing the payment of prepetition claims and explaining that the "ability of the Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept"). The rationale for making payments to prepetition creditors under the doctrine of necessity is consistent with the paramount goal of chapter 11: "the continued operation and rehabilitation of the debtor...." *Ionosphere Clubs*, 98 B.R. at 176. To that end, approval of such payments often benefits, rather than harms, the Debtors' creditors. *See, e.g., Sharon Steel*, 159 B.R. at 737 (approving payments of prepetition wages under the doctrine of necessity where doing so would maximize the value of the Debtors' assets and noting that payments made pursuant to the doctrine of necessity "must not only be in the best interest of the debtor but also in the best interest of its other creditors"). Moreover, Bankruptcy Rule 6003 itself implies that the payment of prepetition obligations may be permissible within the first twenty-one (21) days of a case where doing so is "necessary to avoid immediate and irreparable harm." *See* Fed. R. Bankr. P. 6003.

**B.     Continuing the Gift Card Program is in the Best Interests of the Debtor's Businesses and Estate**

11.     The ability to continue administering the Gift Card Program without interruption is absolutely critical to the Debtor's valuable customer relationships and goodwill, which will inure to the benefit of all of the Debtor's stakeholders. If the Debtor is unable to continue the Gift Card Program post-petition or honor pre-petition obligations thereunder, the Debtor risks alienating certain customers and could suffer corresponding losses in customer

5

loyalty and goodwill that will harm their prospects for a successful reorganization.

12.     Under these circumstances, the benefits of continuing to honor the Gift Card Program outweighs the relatively minimal costs associated therewith. Accordingly, the Debtor has shown cause sufficient to warrant the relief requested in the Motion.

13.     Further, pursuant to section 507(a)(7) of the Bankruptcy Code, up to $2,850 in claims arising from a consumer's prepetition deposit "of money for the purchase of property or services for personal, family or household use" to the extent that such property or services were not delivered, have priority over other general unsecured claims. *See* 11 U.S.C. §507(a)(7). This provision was added to the Bankruptcy Code in 1984 to "protect consumers who had deposited money for goods and services with a business that subsequently filed for bankruptcy" and has since been adjusted to increase the priority amount. *In re River Vill. Assocs.,* 161 B.R. 127, 133 (Bankr. E.D. Pa. 1993), *aff'd,* 181 B.R. 795 (E.D. Pa. 1995). The obligations that arise in connection with the Gift Card Program are priority claims under section 507(a)(7) of the Bankruptcy Code.

## Bankruptcy Rule 6003 has been Satisfied

14.     Bankruptcy Rule 6003 provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" prior to twenty-one (21) days after the petition date. *See* Fed. R. Bankr. P. 6003.

15.     As previously described, the Gift Card Program is integral to the Debtor's continued operations because it is necessary to maintain the confidence and goodwill of the Debtor's customer base. The Debtor is at a critical juncture at which it must make every effort to

retain customer support, drive revenues, and maximize cash flow.

16. Accordingly, the Debtor submits that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### Waiver of Bankruptcy Rules 6004(a) and (h)

17. The Debtor requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and any stay of the order granting the relief requested herein pursuant to Bankruptcy Rule 6004(h). As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtor. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

### Reservation of Rights

18. Nothing contained herein is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party in interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under Section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's rights to dispute such claim subsequently.

### No Previous Request

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

Dated: March 22, 2022             **CIARDI CIARDI & ASTIN**

                                           */s/ Jennifer C. McEntee*
                                           Albert A. Ciardi, III, Esquire
                                           Jennifer C. McEntee, Esquire
                                           1905 Spruce Street
                                           Philadelphia, PA 19103
                                           aciardi@ciardilaw.com
                                           jcranston@ciardilaw.com
                                           Telephone: 215-557-3550
                                           Facsimile: 215-557-3551

                                           *Proposed Counsel for the Debtor*