UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: BLT Management, LLC,<br><br>                                Debtor. | Chapter 11<br><br>Case No. 22-10335 (LGB) |

## **MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Elliott Welburn, Miguel Torres and Alexis Manso (each, a "Claimant" and collectively, the "Claimants") submit this motion (the "Motion"), by and through their undersigned counsel, and respectfully request entry of an order, substantially in the form attached hereto as Exhibit A, lifting and/or modify the automatic stay in the above-captioned chapter 11 case (the "Chapter 11 Case") pursuant to 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the Claimants to proceed against the above-captioned debtor (the "Debtor" or "BLT") in arbitration currently pending before National Arbitration and Mediation ("NAM") (the "Arbitration"). In support of the Motion, the Claimants respectfully state as follows:

## **PRELIMINARY STATEMENT**

On its bankruptcy schedules, the Debtor listed a litigation claim held by Trachtman and Trachtman (the Claimants' counsel) as its largest contingent claim.[1]  Each Claimant worked at a restaurant in BLT's group of restaurants[2] named The Wayfarer.  NAM already has determined that the Debtor, among others, are liable to the Claimants for sex-based discrimination, and the sole remaining issue for determination by NAM is the amount of such liabilities.

---

[1] This appears to have been done in error.  Trachtman and Trachtman are attorneys who represent the Claimants, but the Claimants are the individuals who hold the claim.

[2] BLT, along with Esquared Hospitality, Esquared Management, and myriad companies representing the individual restaurants is a restaurant group, with BLT acting as parent corporation, holding all the assets, and Esquared acting as the corporate face.

BLT required its employees to arbitrate any disputes related to their employment, including but not limited to claims grounded in sex-based discrimination, and included an arbitration agreement (the "Arbitration Agreement")[3] in the new employee paperwork.  Alleging sexual harassment and retaliation, these three individuals filed Notices of Claim against, *inter alia*, BLT, and after completion of discovery, on August 5, 2020, NAM Arbitrator Hon. Peter Skelos granted summary judgment to Claimants on their sex-based discrimination, reserving damages and liability on two of Claimants' retaliation claims for trial.  The trial, which had already been postponed once, was schedule to commence on March 21, 2022.  BLT filed this voluntary petition for relief on March 18, 2022 under chapter 11 of the Bankruptcy Code, thus causing the automatic stay to come into effect and preventing the trial from going forward.

Bankruptcy courts routinely give deference to arbitration agreements, such as the Arbitration Agreement, under the strong federal policy favoring arbitration.  NAM, the tribunal presiding over the Arbitration is prepared to move forward with the trial on the issues which remain undetermined. Accordingly, the Arbitration should be permitted to proceed as doing so will help efficiently resolve the liquidation of claims pending against the Debtor's estate.

## JURISDICTION, VENUE, AND BACKGROUND

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding according to 28 U.S.C. § 157(b), and venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicate for the relief requested herein is section 362(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and the relief is warranted under Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[3] Copies of the Arbitration Agreement for each Claimant are attached to the Motion as Exhibit B.

Rules") and Rule 4001-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York.

3.     On March 18, 2022 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"). The Debtor continues to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## PERTINENT EVENTS LEADING TO THE ARBITRATION

4.     All three Claimants, while employed at The Wayfarer[4] in 2016, were repeatedly groped on their penises, testicles and other parts of their body by their supervisor, non-party Christian Dominguez ("Dominguez").

5.     Dominguez groped Claimants on countless occasions, even though all three men asked Dominguez repeatedly to stop touching them on their genitals.

6.     Claimant Welburn and Claimant Torres were subsequently fired from their employment at the Wayfarer, and Claimant Manso was constructively terminated.

7.     In January 2017, the Claimants, through their attorneys, attempted unsuccessfully to settle this matter, and thereafter the Arbitration commenced.

## THE PARTIES' PENDING ARBITRATION

8.     In July, September and November, 2017, the Claimants each filed Notices of Claim (the "Arbitration Claims") through NAM and respondents (including the Debtor) interposed Answers, and discovery proceeded.

9.     Debtor, along with its co-Respondents Esquared Hospitality, LLC, and 101 West 57 Restaurant LLC d/b/a The Wayfarer, suggested the bifurcation of liability and damages, and

---

[4] The Wayfarer is a d/b/a for 101 West 57 Restaurant, LLC, which is wholly owned by BLT.

Claimants agreed.

10.    At the conclusion of discovery, competing FRCP Rule 56 motions were filed on the claims of sex-based discrimination and retaliation.

11.    On August 5, 2020, Hon. Peter Skelos issued a Memorandum granting Claimants' Motion for Summary Judgment on the issue of discrimination, reserving the questions of retaliation for two Claimants and the amount of damages for trial.

12.    Trial to establish the Claimants' damages was initially scheduled to commence on January 31, 2022, but due to a number of factors, including one of Debtor's attorneys testing positive for COVID-19, trial was postponed to March 21, 2022.

## RELIEF REQUESTED

13.    The undersigned respectfully requests an order from this Court lifting or modifying the automatic stay for the limited purpose of allowing the NAM Arbitration to proceed under Section 362(d) of the Bankruptcy Code.

## BASIS FOR RELIEF

### I.    Stay Relief under Section 362(d)(1) of the Bankruptcy Code Is Mandatory When "Cause" Exists

14.    Section 362(d) of the Bankruptcy Code provides a mechanism for obtaining relief from the automatic stay to enable a party to a contract to exercise its rights thereunder. Section 362 provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. §362(d)(1); *see* 11 U.S.C. § 102(3) (providing that "'includes' and 'including' are not limiting" for the purposes of construing provisions of the Bankruptcy Code).

15.     The Bankruptcy Code does not define "cause." Instead, the "legislative history indicates that the 'facts of each request will determine whether relief is appropriate under the circumstances.'" *In re Sonnax Industries Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 343- 44, reprinted in 1978 U.S. Code Cong. & Admin. News 6300). Whether "cause" exists is to be decided on a case-by-case basis. *See In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999) ("Thus the facts of each request will determine whether relief is appropriate under the circumstances."); *In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004) (holding that "cause" is determined on a case-by-case basis).

16.     "The burden of proof on a motion to lift or modify the automatic stay is a shifting one." *Sonnax*, 907 F.2d at 1285. If the movant makes an initial showing of cause, the burden shifts to the debtor to prove that cause does not exist. *See id.*; *Balco Equities*, 312 B.R. at 749 (holding that the debtor bears burden of proving lack of "cause"); *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 321-22 (Bankr. S.D.N.Y. 2001) ("[S]ection 362(d)(1) requires an initial showing of cause by the movant ").

17.     "Section 362(d) is mandatory, not permissive. Congress has provided that the Court shall grant relief from the stay" when "cause" is shown.  *See In re Zeoli*, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000).

## II.    The Stay Should Be Lifted Under 11 U.S.C. § 362(d)(1) for Cause Shown

18.     Cause exists to grant the limited stay relief requested because it will facilitate the conclusion of the NAM Arbitration and the liquidation of the Claimants' claims against the Debtor—the Debtor's largest contingent claim.  The Federal Arbitration Act creates a presumption in favor of arbitration. *See Sherman/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226 (1987) (instructing that the Federal Arbitration Act establishes a federal policy favoring arbitration); *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 166 (2d Cir. 2000) (relating the same). A party

challenging the arbitration claim bears the burden of proving that Congress did not intend for the claims at issue to be submitted for arbitration. *McMahon*, at 227 ("The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue."); *see Pereira v. Urthbox, LLC (In re Try The World, Inc.)*, Nos. Chapter 7, 18- 11764-JLG, 20-01013-jlg, 2021 Bankr. LEXIS 2140, at \*24 (Bankr. S.D.N.Y. Aug. 9, 2021); *Golden v. Discover Bank (In re Golden)*, Nos. 16-40809-ess, 20-01051-ess, 2021 Bankr. LEXIS 199 (Bankr. E.D.N.Y. Jan. 25, 2021); *Homaidan v. SLM Corp. (In re Homaidan)*, 587 B.R. 428 (Bankr. E.D.N.Y. 2018).

19.     In light of this arbitration presumption, Second Circuit courts deciding whether to grant stay relief in favor of arbitration apply the four part *Bethlehem* test: (1) did the parties agree to arbitrate; (2) does the dispute fall within their arbitration clause; (3) if federal statutory claims are raised, did Congress intend those claims to be arbitrable; and (4) if the court concludes that some but not all of the claims are arbitrable, should it stay the non-arbitrable claims pending the conclusion of the arbitration. *See Bethlehem Steel Corp. v. Moran Towing Corp. (In re Bethlehem Steel Corp.)*, 390 B.R. 784, 789 (Bankr. S.D.N.Y. 2008). [5]

<u>Factor 1: Whether the Parties Agreed to Arbitrate</u>

20.     The Claimants and BLT agreed to arbitration pursuant to the executed Arbitration Agreements.  Thus, this *Bethlehem Steel* factor supporting lifting this automatic stay.  BLT required Claimants to arbitrate all disputes arising from their employment, and thus there can be

---

[5] While bankruptcy courts generally rely on the traditional balancing test of *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1287 (2d Cir. 1990) in determining whether to lift the automatic stay related to prepetition litigation, Second Circuit courts have determined that the traditional *Sonnax* balancing test does not apply in arbitration cases. *See In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 204 (Bankr. S.D.N.Y. 2002) ("Sonnax balancing does not apply, and the strong federal policy favoring arbitration trumps the usual considerations of judicial economy and efficiency which are important factors under Sonnax."); *see also Cardali v. Gentile (In re Cardali)*, Nos. 10-11185 (SHL), 2010 Bankr. LEXIS 4113, at \*13 (Bankr. S.D.N.Y. Nov. 18, 2010) ("Because of the strong federal policy favoring arbitration, thetraditional balancing test under [In re Sonnax Indus.], for seeking relief from the automatic stay does not apply.").

no question that BLT unequivocally agreed to arbitrate claims related to the Claimants' discrimination-based matter which arose from their employment at The Wayfarer. *See* Arbitration Agreements, Exhibit B.

21.    Indeed, BLT's handbook contains an arbitration agreement, and employees cannot commence work until they sign the arbitration agreement. None of the Claimants commenced work at the Wayfarer until the Arbitration Agreements were executed.

22.    BLT has and is actively and voluntarily participating in the NAM Arbitration, availing itself of the arbitration process by, among other things, selecting its party-appointed arbitrator, presenting an Answer, unsuccessfully asserting a waiver of attorney-client privilege, making and opposing Rule 56 motions, and deposing all Claimants and one expert, who testified that all three Claimants suffered from, *inter alia*, Post-Traumatic Stress Disorder, and two suffered from depression as a result of their maltreatment while employed at The Wayfarer.

<u>Factor 2: Whether the Dispute Falls within the Scope of the Applicable
Arbitration Clause</u>

23.    The sex-based discrimination and retaliation claims that are the subject of the Arbitration unquestionably fall within the Arbitration Agreement.  Section 1 of the Arbitration Agreement provides: "You and the Restaurant agree that (except for "Excluded Claims" which are described below[6]), all disputes, claims or controversies ("claims") against the Restaurant that could be brought in a court will be resolved through arbitration." The Second Circuit has held that contractual provisions requiring arbitration for "[a]ny and all differences and disputes, of

---

[6] "Excluded Claims" include claims for workers' or unemployment compensation benefits, claims under any of the Restaurant's equity plans or other pension or welfare benefit plans containing its own procedure for resolving plan disputes, and all other claims that legally are not subject to mandatory binding pre-dispute arbitration under the Federal Arbitration Act. This agreement does not prohibit you from filing complaints with agencies such as the National Labor Relations Board or the Equal Opportunity Commission.

whatsoever nature arising out of this [agreement]," are broad in nature. *See JLM Industries, Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 167 (2d Cir. 2004). The Second Circuit has also held that broad arbitration clauses enjoy a presumption of arbitrability. *Collins & Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 1995); *see also Bethlehem Steel*, 390 B.R. at 790.

24.      As the claims of sex-based discrimination and retaliation are made under the New York City Human Rights Law and do not fall into the category of Excluded Claims enumerated by the Arbitration Agreement, the claims raised fall within the Arbitration Agreement thereby satisfying this *Bethlehem Steel* factor.

<u>Factor 3: Whether Federal Statutory Claims are Raised</u>

25.      There are no federal statutory claims raised in the NAM Arbitration. The Arbitration Claims are state-law claims: sex-based discrimination and retaliation, and are nothing akin to the federal avoidance claims in the *Bethlehem Steel* case arising under the Bankruptcy Code.

26.      In *Bethlehem Steel*, the plaintiff asserted preference and avoidance claims against the defendant under sections 547 and 550 of the Bankruptcy Code. There, the bankruptcy court reasoned that these federal avoidance actions were not derivative of the debtor's rights but were rather federal statutory claims that are provided to the bankruptcy trustee or debtor in possession under the Bankruptcy Code. *See id*. at 793.

27.      Here, the Arbitration Claims do not arise under the Bankruptcy Code or any other federal law. The Arbitration Claims are personal to Claimants, and they are claims that arise from violations of the New York City Human Rights Law.  Accordingly, this *Bethlehem Steel* factor supports lifting the stay for the Claimants to proceed in the Arbitration with the determination of damages.

Factor 4: Whether to stay non-arbitrable claims

28.     This factor is not applicable.  All of the Arbitration Claims are subject to the broad language of the Arbitration Agreement and arise from events which occurred in connection with Claimants' employment at The Wayfarer.

33.     In light of the foregoing, the undersigned respectfully submits that cause exists to grant relief from the stay by permitting the NAM Arbitration to proceed.

## IV. The Proposed Order Granting Stay Relief Should Be Effective Immediately

34.     Federal Rule of Bankruptcy Procedure 4001(a)(3) provides that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." See Fed. R. Bankr. P. 4001(a)(3).

35.     The undersigned respectfully requests that this Court waive the requirements of Federal Rule 4001(a)(3) and that the relief provided in the Proposed Order be effective immediately upon entry of the Proposed Order.

36.     Courts within this Circuit have routinely exercised their discretion to lift the fourteen (14) day stay imposed by Bankruptcy Rule 4001(a)(3) upon a showing of cause. *See In re 360 Networks (USA) Inc.,* 282 B.R. 756, 765 (Bankr. S.D.N.Y. 2001) (waiving Rule 4001(a)(3) stay of order to ensure movant could comply with state law timelines for filing of claim); *In re Taub*, 438 B.R. 39, 51 (Bankr. E.D.N.Y. 2010) (waiving stay of order lifting automatic stay where imposition of the stay would cause unnecessary delay, expense and threat of irreparable harm); *see also In re RYYZ, LLC*, 490 B.R. 29, 46 (Bankr. E.D.N.Y. 2013) (Refusing request for waiver of 14 day stay for lack of cause shown).

37.     Sufficient cause exists warranting the waiver of the fourteen (14) day stay of Bankruptcy Rule 4001(a)(3). The NAM arbitrator has expressed a willingness and readiness to

assist in resolving the pending Arbitration Claims. There is no compelling reason to delay the NAM Arbitration upon the Court's order granting this Motion.

## **NOTICE**

38.     Notice of this Motion will be provided to: (i) Counsel for the Debtor and (ii) any party that has requested notice pursuant to Bankruptcy Rule 2002. The undersigned respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

39.     No prior request for the specific relief sought in this Motion has been made to this Court or any other court.

## **CONCLUSION**

WHEREFORE, the undersigned respectfully requests that the Court enter the proposed order: (i) granting the Motion; (ii) lifting or modifying the automatic stay to permit the Arbitration to proceed to its conclusion; (iii) waiving the fourteen-day waiting period described in Bankruptcy Rule 4001(a)(3); and (iv) granting such additional relief to the Undersigned as is appropriate.

Dated: March 28, 2022
        New York, New York

Trachtman & Trachtman

/s/

_____

By:  Laura M. Trachtman
48 Wall Street, 11th Floor
New York, NY 10005