IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**In re:**

| | |
|---|---|
| **BLT RESTAURANT GROUP LLC,** | **CHAPTER 11** |
| **Debtor.** | **Case No. 22-10335(LGB)** |

**APPLICATION FOR ORDER PURSUANT TO 11 U.S.C. § 327 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 OF DEBTOR TO EMPLOY DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP AS SPECIAL COUNSEL**

BLT Restaurant Group LLC, the debtor and debtor-in-possession (the "Debtor"), by and through undersigned counsel, Ciardi Ciardi & Astin, hereby files this application for order pursuant to 11 U.S.C. § 327(e) and Federal Rule of Bankruptcy Procedure 2014 to employ DelBello Donnellan Weingarten Wise & Wiederkehr, LLP (the "Firm") as special counsel to the Debtor, and respectfully represent as follows:

**Background**

1. On March 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtor remains in possession of its property and continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor requests authority to retain the Firm, as special counsel, to represent the Debtor in the pending arbitration captioned BLT Restaurant Group LLC v. Renaissance Hotel Partners LLC (the "Litigation"). A true and correct copy of the Firm's Engagement Letter is attached hereto as **Exhibit A** along with a supplement dated April 5, 2022.

3. "The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented

1

the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter of which such attorney is to be employed." See 11 U.S.C. §327(e).

4. The Debtor is not sufficiently familiar with the law and its rights and duties involved in the Litigation such as to resolve them without the aid of competent counsel.

5. The Debtor has made careful and diligent inquiry into the qualifications and competence of the Firm, and is advised that the Firm, by reason of ability, integrity and professional experience, is capable of providing proper legal counsel to the Debtor with regard to the Litigation. Moreover, the Firm has also represented BLT Steak White Plains LLC, a wholly owned subsidiary restaurant of the Debtor, in addition to the Debtor, in the Litigation since September 2020 and is therefore familiar with the procedural posture and nature of the Litigation.

6. The Debtor has engaged the services of the Firm as special counsel for the Debtor, subject to the approval of the Court.

7. The Debtor seeks to employ the Firm on an hourly basis, at the rate quoted in the Engagement Letter, of:

        Alfred E. Donnellan, Esq. at $625/hour

        Partners & Senior Lawyers at $375-$595/hour

        Associates at $275-$410/hour

8. Prior to the filing of the bankruptcy case, the Firm represented the Debtor and BLT Steak White Plains LLC, a wholly owned subsidiary restaurant, in connection with the Litigation. As of the Petition Date, the Firm is owed $9,347.07 in outstanding fees.

9. Since the Petition Date, no payments have been made to the Firm on behalf of the Debtor.

10. Since the Petition Date, the Firm has not provided any services to the Debtor in connection with the Litigation.

11. The Firm has no connection with the Debtor and is not an insider or affiliate of the Debtor.

**WHEREFORE**, the Debtor requests retention of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP as special counsel for the Debtor, at such compensation as the Court allows.

CIARDI CIARDI & ASTIN

Dated: April 12, 2022     By:   */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550
(215) 557-3551 fax
aciardi@ciardilaw.com
jcranston@ciardilaw.com
*Counsel for the Debtor*