UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550
(215) 557-3551 fax
aciardi@ciardilaw.com
jcranston@ciardilaw.com

| | |
|---|---|
| In Re:<br><br>BLT RESTAURANT GROUP LLC,<br>Debtor. | CASE NO. 22-10335<br><br>CHAPTER 11<br><br>JUDGE: LGB |

### DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM
### THE AUTOMATIC STAY FILED BY THE CLAIMANTS[1]

BLT Restaurant Group LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby responds (the "Response") to the Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) for the limited purpose of allowing the Claimants to proceed against the Debtor in an arbitration proceeding currently pending before National Arbitration and Mediation ("NAM", "NAM Arbitration") (the "Motion"). In support of this Response, the Debtor respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized, yet undefined, terms herein have the meaning ascribed to them in the Motion.

2.      The statutory predicates for the relief requested herein are section 362 of title 11

of the United States Code (the "Bankruptcy Code"), Rule 4001(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of

Bankruptcy Procedure for the Southern District of New York.

## BACKGROUND

3.      On March 18, 2022 (the "Petition Date"), the Debtor filed a voluntary petition in

this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtor continues to manage

and operate its business as debtor in possession pursuant to Bankruptcy Code sections 1107 and

1108.

4.      On March 28, 2022, the Claimants filed the Motion.  *See* Docket No. 26.

## INTRODUCTION

5.      The Claimants move this Court, pursuant to 11 U.S.C. § 362(d)(1), for an order

lifting or modifying the automatic stay for the limited purpose of allowing the NAM Arbitration

to proceed against the Debtor.

6.      The Claimants specifically request the Court allow the bifurcated damages and

liability portion of the underlying NAM Arbitration to go forward on two of their retaliation

claims.

## THE RESPONSE

7.      Section 362(d)(1) provides,

> On request of a party in interest and after notice and a hearing, the court
> shall grant relief from the stay provided under subsection (a) of this
> section, such as by terminating, annulling, modifying, or conditioning
> such stay –
>
> (1) for cause, including the lack of adequate protection of an
> interest in property of such party in interest.

*See* 11 U.S.C. § 362(d)(1).

2

8.      The burden of proof on a motion to lift or modify the automatic stay is a shifting

one. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990). If the movant makes an

initial showing of cause, the burden shifts to the debtor to prove that cause does not exist. *Id.* If

the movant fails to make an initial showing of cause, however, the court should deny relief

without requiring any showing from the debtor that it is entitled to continued protection. *Id.*

9.      While the Claimants assert the fact of the NAM Arbitration warrants the use of

the four-part test found in *Bethlehem Steel Corp. v. Moran Towing Corp. (In re Bethlehem Steel

Corp.)* rather than the traditional *Sonnax* factors, the Debtor submits this either/or situation was

not the Second Circuit's intention as it essentially provides any party to a contract with an

arbitration provision a clear end-run around the automatic stay provided in Section 362. *See In re

Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990); *see also Bethlehem Steel Corp. v.

Moran Towing Corp. (In re Bethlehem Steel Corp.)*, 390 B.R. 784, 789 (Bankr. S.D.N.Y. 2008).

10.     Rather, the Debtor suggests that *Bethlehem Steel Corp.* and all of the cases cited

by the Claimants address a situation where there is dueling litigation: an adversary proceeding

filed by the Debtor, attendant to a chapter 11 bankruptcy proceeding, containing claims that were

the subject of an arbitration agreement that triggers a choice for the Court between the arbitration

and the adversary proceeding and the use of the *Bethlehem Steel Corp.* test.

11.     Here, the Debtor argues there is no determination to be made as to which is the

better venue.  Simply, the Debtor agrees the NAM Arbitration is the best place to litigate to

completion the claims of the Claimants.  However, the Debtor disputes the timing of the relief

requested in the Motion for several reasons and submits that the use of *Sonnax* is appropriate.

12.     First, the Claimants are unsecured creditors behind several million dollars of

secured claims.  They are out of the money and will receive a distribution, to be approved by the

Court, under a plan of reorganization.  Once this Court enters a confirmation order fixing

3

distributions to creditors, it may be that the distribution to the Claimants (unsecured creditors) is less than what it would cost the Debtor to continue to defend the NAM Arbitration. In that instance, the Debtor would likely not defend the NAM Arbitration and simply allow the distribution to flow through the confirmed plan.

13.    Second, as of the date of the filing of this Response, the Debtor has been in a chapter 11 bankruptcy proceeding for approximately 34 days. While the Claimants may feel a rush to proceed, that is not the spirit of the automatic stay. This provision of the Bankruptcy Code provides debtors with exactly the breathing room the Debtor references in the foregoing paragraph. *See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.* 474 U.S. 494, 503 (1986). The Debtor has already moved to set a bar date, filed its initial plan, and scheduled a disclosure statement hearing for the same date as the hearing on the Motion. Simply because the Debtor is not moving as quickly as the Claimants would like does not mean this Debtor has not moved quickly and efficiently thus far in its chapter 11.

14.    Finally, as previously stated, the Claimants are unsecured creditors that are out of the money in this case. The proposed relief, should it be granted, forces the Debtor to expend tens of thousands of dollars on legal fees in connection with a full week NAM Arbitration and whatever briefing is required thereafter. These disbursements would be made at the expense of the Debtor's estate and its secured creditor. Moreover, this Court has held, "[i]f the movant is an unsecured creditor, the policies of the automatic stay weigh heavily against granting the relief requested. The general rule is that claims that are not viewed as secured in the context of section 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." *In re Leibowitz* 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992).

15.    Here, *Sonnax* applies because there is no disagreement and no dueling litigation to put the issue of venue before the Court and triggering *Bethlehem Steel Corp.* Based on the

4

forgoing, the Debtor submits the continuation of the NAM Arbitration at this time, prior to the confirmation of the Debtor's plan, would prejudice the interests of other creditors (*Sonnax* factor 7), relief would result in a great expenditure of funds and only a partial resolution of the distribution to the Claimants (*Sonnax* factor 1), the interests of judicial economy favor allowing the Debtor's plan process to conclude prior to revisiting whether and when the NAM Arbitration should recommence (*Sonnax* factor 10), the Debtor and its estate would be harmed by being forced to expend legal fees that will likely be in excess of the Claimants' distribution under a confirmed plan (*Sonnax* factor 12), and, finally, the NAM Arbitration does not involve the Debtor as a fiduciary (*Sonnax* factor 3). *Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990). Therefore, the balance of the *Sonnax* factors weighs heavily in favor of the Debtor and the Debtor requests the Motion be denied because the Claimants fail to meet their burden of proving cause exists sufficient to warrant relief from the automatic stay.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, granting the relief sought herein, and such other and further relief as is just and proper.

Respectfully submitted,

Dated: April 20, 2022

By: *__Jennifer C. McEntee__*
CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550
(215) 557-3551 fax
*Counsel to the Debtor
and Debtor-in-Possession*