| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------x<br>In re:<br><br>BLT MANAGEMENT LLC,<br><br>                                            Debtor.<br>------------------------------------------------------------x | Hearing Date and Time:<br>April 28, 2022 at 10:00 a.m.<br><br>Chapter 11<br><br>22-10335 (LGB) |

**THE SEXUAL HARASSMENT CLAIMANTS' REPLY
TO THE DEBTOR'S OPPOSITION TO THEIR MOTION
FOR RELIEF FROM THE AUTOMATIC STAY**

Elliott Welburn, Miguel Torres and Alexis Manso (collectively, the "Sexual Harassment Claimants") respectfully submit this Reply to the Opposition filed by BLT Management LLC (the "Debtor") (ECF No. 63) to their motion to vacate the automatic stay pursuant to 11 U.S.C. §362(d) and authorize an arbitration to proceed to conclusion to liquidate damages suffered by each of the Sexual Harassment Claimants (ECF No. 26) (the "Motion").

1.      In its Opposition, the Debtor agrees that the claims of the Sexual Harassment Claimants should be liquidated in the pending arbitration but argue that the vacatur of the stay should be deferred until after confirmation of the Debtor's Plan of Reorganization (ECF No. 6) (the "Plan"), on the dubious ground that all of the Debtor's assets are subject to a purported "insider" secured claim, and therefore, the Sexual Harassment Claimants are allegedly "out of the money". This contention will certainly be challenged for the reasons set forth in the accompanying objections (ECF No. 65) filed by the Sexual Harassment Claimants to the Debtor's disclosure statement (the "Disclosure Statement").

2.      Once again, as in its Plan and Disclosure Statement, the Debtor conveniently ignores the fact that the purported secured lender, JL Holdings 2002 LLC (the "Insider Lender"), is the 99.9% owner of the Debtor, raising numerous questions as to the bona fides of the claim

and whether the loan should be recharacterized as a capital contribution or otherwise subordinated to non-insider creditors. It suffices to say that the priority of the purported insider secured claim cannot be assumed, and while it is being investigated or litigated, there is no reason to prevent the Sexual Harassment Claimants from liquidating their claims.

3. Moreover, since the general unsecured creditors are the sole class of impaired non-insider claims, and the Sexual Harassment Claimants hold three of the five unsecured claims within that class, they likely control the voting on the Plan. Cramdown does not apply here since there are no other non-insider classes to vote to accept the Plan. Thus, there can be no confirmation without the agreement of the Sexual Harassment Claimants. Those negotiations are best held in the context of the liquidation of their claims through the pending arbitration.

4. Fundamentally, the circumstances surrounding the sexual harassment claims cannot be swept under the rug by an accelerated confirmation process that lacks meaningful opportunity for a complete examination of the Debtor's business and legal affairs. It makes little practical sense to proceed further on a plan until the claims are fully liquidated, particularly since liability has already been found. As was noted in their Motion, the Sexual Harassment Claimants proceeded with arbitration before Hon. Peter B. Skelos, Ret'd. under the auspices of National Arbitration and Mediation ("NAM"). Following the filing of dueling motions for summary judgment, the arbitrator found liability against the Debtor and non-debtor co-defendants 101 West 57 Restaurant LLC, which entity is wholly owned by the Debtor, and ESquared Hospitality LLC ("ESquared") pursuant to a comprehensive decision issued on August 5, 2020. A copy of the decision is annexed hereto as Exhibit "A".

5. The decision directed a separate hearing on damages. Following a delay while the Debtor sought and obtained a change in arbitrators to determine damages, the parties engaged in

expert discovery. A further delay ensued when the defendants moved to exclude the Sexual Harassment Claimants' damages expert, which motion was rejected. The January 31, 2022 damages trial was then adjourned because of illness and rescheduled for March 21, 2022. The instant Chapter 11 petition was filed on March 18, 2022, three days before the damages trial was scheduled to commence.

6. The Sexual Harassment Claimants seek to vacate the stay so that their claims can be liquidated, a necessary predicate to any viable plan. Because there is a pending arbitration, the Sexual Harassment Claimants contend that the analysis should center on the factors cited in *Bethlehem Steel Corp. v. Moran Towing Corp. (In re Bethlehem Steel Corp.)*, 390 B.R. 784, 789 (Bankr. S.D.N.Y. 2008), as set forth in detail in the Motion.

7. In its Objection, the Debtor references the so-called *Sonnax* Factors, identified by the Second Circuit Court of Appeals in *In re Sonnax Industries, Inc.,* 907 F.2d 1280, 1286 (2d Cir. 1990) as follows:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

8. The Sexual Harassment Claimants disagree and believe that the *Sonnax* analysis is inapplicable to an arbitration. *See In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 204 (Bankr. S.D.N.Y. 2002) ("Sonnax balancing does not apply, and the strong federal policy

favoring arbitration trumps the usual considerations of judicial economy and efficiency which are important factors under Sonnax."); *see also In re Cardali*, 2010 WL 4791801 (Bankr. S.D.N.Y. Nov. 18, 2010) ("Because of the strong federal policy favoring arbitration, the traditional balancing test under [*In re Sonnax Indus.*], for seeking relief from the automatic stay does not apply.").

9. However, even if *Sonnax* does apply, the conclusion is the same, as the *Sonnax* factors heavily favor termination of the stay so that the arbitration can be completed. Not only are the parties ready for trial on damages, but there are important implications arising from the fact that there are non-debtor parties to the arbitration.

10. The general rule is that "a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing" *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003). *See, also, Manson v. Friedberg*, 2013 WL 2896971, at *3 (S.D.N.Y. June 13, 2013) ("By its terms, section 362 applies only to the property of the debtor or property of the estate and as such does not apply to stay proceedings against non-debtors") (internal quotation marks omitted).

11. The Court in *Manson* considered the application of the automatic stay in a sexual harassment suit where there were multiple defendants, and determined that, while the principal of the LLC defendant was protected by the automatic stay by virtue of his bankruptcy filing, the stay was inapplicable to his wholly owned LLC, which is a separate legal entity. *Id.* Moreover, there is no basis to apply the stay to the non-affiliated co-defendant, ESquared. *See, Queenie, Ltd. v. Nygard Int'l, supra.*

12. Given the importance of liquidating the claims of the Sexual Harassment Claimants, there is no reason to delay the arbitration proceeding.

**WHEREFORE**, for all of the reasons set forth above, the Sexual Harassment Claimants respectfully request the entry of an Order consistent with the foregoing.

Dated: New York, New York
April 21, 2022

          GOLDBERG WEPRIN
          FINKEL GOLDSTEIN, LLP
          Attorneys for the Sexual Harassment Claimants
          1501 Broadway, 22nd Floor
          New York, New York 10036
          (212) 221-5700

          By:    /s/ Kevin J. Nash, Esq.