Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA  19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
Counsel for the Debtor

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **BLT Restaurant Group LLC,** | : | |
| | : | |
| Debtor. | : | **Bankruptcy No. 22-10335(LGB)** |
| | : | |

### *EX PARTE* APPLICATION FOR AN ORDER, PURSUANT TO
### FED. R. BANKR. P. 2004, AUTHORIZING THE DEBTOR TO
### EXAMINE RENAISSANCE HOTEL PARTNERS LLC

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE

BLT Restaurant Group LLC (the "Debtor"), by and through counsel, Ciardi Ciardi & Astin, hereby submits this *ex parte* application for an order, pursuant to Fed. R. Bankr. P. 2004, authorizing the Debtor to examine Renaissance Hotel Partners, LLC (the "2004 Application") and, in support thereof avers as follows:

### JURISDICTION

1.    The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

1

2.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for the relief requested herein is Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

## INTRODUCTION

4.  On March 18, 2022 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

5.  Since the Filing Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.  An official committee of unsecured creditors (the "Committee") has not been appointed.

7.  The Debtor is a limited liability company organized under the laws of New York and having, at present, two members: JL Holdings 2002 LLC (99.9%) and JUNO Investments LLC (.01%).

8.  JL Holdings 2002 LLC is a limited liability company organized under the laws of New York and is a secured creditor of the Debtor.

9.  Juno Investments LLC is a limited liability company organized under the laws of New York.

10. Since 2004, the Debtor represented the best in hospitality, through extraordinary food and unparalleled service. Today, the Debtor is a family of well known, reputable restaurants throughout the world:

a) BLT Steak LLC
b) BLT Steak Waikiki LLC
c) BLT Prime Lexington LLC
d) BLT Steak DC LLC

Of the foregoing locations, the Debtor owns 100% of BLT Steak LLC, BLT Steak Waikiki LLC, BLT Prime Lexington LLC, and owns 75% of BLT Steak DC LLC. These locations continue to operate. Prior to the Petition Date, the Closed Entities[1], as that term is defined in the Plan, ceased operations. The Debtor manages BLT Prime DC LLC, BLT Prime Doral LLC, BLT Steak Florentine LLC, and BLT Steak Charlotte LLC pursuant to management agreements with each restaurant. The Debtor does not own any of the aforementioned managed restaurants but only provides management services through management agreements.

## RELIEF REQUESTED

### A. Facts and Circumstances Calling for the proposed Investigation

11. Renaissance Hotel Partners, LLC ("Renaissance") filed a proof of claim in the amount of $2,574,103 (the "Proof of Claim") on May 26, 2022. *See* Claim 14 attached hereto as **Exhibit B**.

12. Debtor and Renaissance are 50% members of a joint venture named BSWP LLC ("BSWP"), which owned and operated a BLT Steak restaurant ("Restaurant") located at the

---

[1] BLT Burger DC LLC, E2 Development and Construction, 101 West 57 Restaurant LLC, BLT Steak White Plains LLC, and Casa Nonna NYC are entities that are no longer operating as of the Petition Date and are referred to herein as the "Closed Entities".

3

former Ritz-Carlton, Westchester, White Plains, New York ("Hotel"). Renaissance is the owner of the Hotel and the Landlord for the premises leased to BSWP and the managing member of BSWP.

13.     On September 21, 2020, BLT filed a Demand for Arbitration against Renaissance alleging various breaches of the joint venture agreement and Renaissance raised certain counterclaims (the "Renaissance Arbitration").

14.     On May 10, 2022, the Debtor filed a Motion for Relief from the Automatic Stay requesting authority from the Bankruptcy Court to proceed with the Renaissance Arbitration (the "Motion for Relief"). *See* Docket No. 79.

15.     On June 6, 2022, this Court entered an order granting the Motion for Relief. *See* Docket No. 89.

16.     On June 9, 2022, upon receipt and review of the Proof of Claim, counsel for the Debtor sent a letter to counsel for Renaissance requesting backup for the Proof of Claim and, in particular, the substantive allegations contained in the "Rider to Proof of Claim". *See* **Exhibit C**.

17.     On June 14, 2022, counsel for Renaissance responded to the Debtor's request for information and advised, "[t]o the extent you wish to see the documentation Renaissance intends to rely upon in the arbitration, please contact… counsel for the Debtor in the arbitration [as he is] in receipt of Renaissance's complete production." *See* **Exhibit D**.

18.     Through the Application, the Debtor seeks the information used by Renaissance to develop and calculate the Proof of Claim.

**B.     Relief pursuant to Fed. R. Bankr. P. 2004**

19.     Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest,

4

the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

23.

20.   Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." *Id. see also, In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); *In re Silverman*, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

21.   The proposed Rule 2004 examination of Renaissance provides the Debtor with the information necessary for it to meaningfully evaluate the Proof of Claim and, potentially, object to the Proof of Claim. Renaissance should not be permitted to file an unsupported Proof of Claim, force the Debtor to object in the dark, and then enter into costly and duplicative discovery with Renaissance. The proposed Rule 2004 examination is thus narrowly tailored to the four corners of the Proof of Claim.

22.   For the foregoing reasons, the Debtor respectfully submits that it has demonstrated ample cause and a right to conduct the examination contemplated herein.

## C. Proposed Procedure

23. If an examination becomes necessary, the Debtor proposes that any examination be conducted via Zoom on a mutually agreeable date and time to be determined once Renaissance has responded to the subpoena *duces tecum*.

24. The Debtor proposes to serve the subpoena *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition.

## D. Notice

25. Applications for relief under Rule 2004(a) are usually granted *ex parte*. 9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing* 1983 Advisory Committee Note to Fed. R. Bankr. P. 2004, *reprinted in* ch. 2004, App. 2004; *In re Sutera*, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985); *In re Silverman*, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984). Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all. *See e.g.*, D.N.J. L.B.R. 2004-1(b).

26. Pursuant to the Honorable Lisa G. Beckerman's Chambers' Rules, "[r]equests for 2004 Orders may be submitted to Chambers *ex parte*, although written notice given to the affected parties is preferred, but the Court in its discretion may require notice and a hearing." The Debtor submits the Application *ex parte* and has provided written notice of its intention to do so to Renaissance. A hearing on the Debtor's proposed disclosure statement is scheduled for July 15, 2022 and, in connection therewith, the Debtor seeks to file objections to various proof(s) of claim, potentially including the Proof of Claim, prior to that date. The Debtor submits its role

in the claims analysis and administration process and the foregoing timeline justifies the *ex parte* submission and the relief sought herein.

27. Based upon the foregoing, the Debtor submits that submission of the instant Application and relief sought herein *ex parte* is reasonable and appropriate, and that no additional or further notice should be required.

**E.  No Prior Relief**

28. The Debtor has not previously sought to examine Renaissance in the manner and narrow scope proposed by this Application.

WHEREFORE, the Debtor respectfully requests that this Court enter an order, substantially in the form of that annexed hereto as **Exhibit A**, and for such other and further relief as the Court determines to be just and proper.

Respectfully submitted,

Dated: June 22, 2022

CIARDI CIARDI & ASTIN

By: */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
215-557 3550
215-557-3551 Facsimile
aciardi@ciardilaw.com
jcranston@ciardilaw.com