Steven B. Smith
Andrew Wagner
HERRICK, FEINSTEIN LLP
Two Park Avenue
New York, NY 10016
ssmith@herrick.com
awagner@herrick.com
212-592-1400 Telephone
212-592-1500 Facsimile

*Attorneys for Renaissance Hotel Partners, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>BLT RESTAURANT GROUP LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10335 (LGB) |

**RENAISSANCE HOTEL PARTNERS, LLC'S OPPOSITION TO
DEBTOR'S *EX PARTE* APPLICATION FOR AN ORDER,
PURSUANT TO FRBP 2004, AUTHORIZING THE DEBTOR
TO EXAMINE RENAISSANCE HOTEL PARTNERS, LLC**

Renaissance Hotel Partners, LLC ("Renaissance"), a creditor and party in interest, by and through its attorneys, Herrick, Feinstein LLP, respectfully submits this opposition (the "Opposition") to the *Ex Parte Application for an Order, Pursuant to FRBP 2004, Authorizing the Debtor to Examine Renaissance Hotel Partners, LLC* filed by BLT Restaurant Group, LLC (the "Debtor") on June 22, 2022 [Dkt. 94] (the "2004 Application"). In support of this Opposition, Renaissance respectfully represents and states as follows:

**PRELIMINARY STATEMENT**

1. The 2004 Application is an improper attempt to end run around the discovery in a concurrent arbitration proceeding pending between the Debtor and Renaissance (the "Arbitration"),

HF 14473527v.5

with respect to which this Court lifted the automatic stay to allow it to proceed to its natural conclusion.

2.  In the 2004 Application, the Debtor asserts that it seeks "backup for the allegations contained in…[Renaissance's] Proof of Claim." However, the claims at issue in the Arbitration are identical to those set forth in Renaissance's Proof of Claim, which Renaissance filed before the automatic stay was lifted.

3.  Discovery of Renaissance in connection with this bankruptcy case serves no purpose other than to give the Debtor an advantage in the Arbitration by deposing Renaissance's principals, which is not otherwise permitted in the Arbitration.

4.  Notably, Renaissance is in compliance with its document discovery obligations in the Arbitration. The Debtor can simply get the documents produced by Renaissance from its co-counsel. Any other method of obtaining those documents would be duplicative and a waste of resources.

5.  For these reasons and those set forth below, the 2004 Application should be denied.

## **BACKGROUND**

6.  The Debtor and Renaissance are 50% members of a joint venture named BSWP LLC ("BSWP"), which owned and operated a BLT Steak restaurant (the "Restaurant") located at the former Ritz-Carlton, Westchester, White Plains, New York (the "Hotel"). *See* 2004 Application at ¶ 12.

7.  Renaissance is the owner of the Hotel and the Landlord for the premises leased to BSWP and the managing member of BSWP. The Debtor was responsible for the day-to-day operations of the Restaurant, had control over the operating account, and was required to pay expenses and distribute profits from the operation of the Restaurant to Renaissance.

HF 14473527v.5

8. On September 21, 2020, the Debtor filed a Demand for Arbitration against Renaissance alleging that Renaissance prevented Restaurant patrons from accessing the restrooms of the closed hotel lobby. However, per the Amended and Restated Operating Agreement of BSWP LLC, by and between Renaissance Hotel Partners, LLC and BLT Restaurant Group LLC entered into on or about April 26, 2019 (the "BSWP Operating Agreement"), the consent of Renaissance, as Managing Member of Tenant BSWP, was required to reopen the Restaurant following its mandatory closure due to the Covid-19 pandemic.

9. In the Arbitration, Renaissance asserted counterclaims for an accounting, breach of the BSWP Operating Agreement, breach of fiduciary duties, corporate waste and diversion of corporate assets, and for fraud.

10. On April 13, 2022, the Debtor filed an Application to Employ Delbello, Donnellan, Weingarten, Wise & Wiederkehr, LLP ("Donnellan") as special counsel (the "Delbello Retention Application") in this case. [Dkt. 53]. Donnellan is the same law firm representing the Debtor in the Arbitration. On May 16, 2022, this Court signed an Order granting the Delbello Retention Application. [Dkt. 82].

11. On May 10, 2022, the Debtor filed a Motion for Relief from the Bankruptcy Stay (the "Stay Relief Motion") requesting authority from the Bankruptcy Court to proceed with the Arbitration. [Dkt. 79].

12. On May 26, 2022, Renaissance filed its proof of claim (the "Proof of Claim"), reciting its counterclaims in the Arbitration. *See* Claim 14, attached as **Exhibit B** to the 2004 Application.

13. Renaissance did not oppose the Stay Relief Motion because the Arbitration is nearing its conclusion and a relief from the stay would allow the Arbitration to proceed and result in an economical and final resolution of the dispute.

3

14. On June 6, 2022, this Court granted the Debtor's unopposed Stay Relief Motion so that the Arbitration proceeding between Renaissance and the Debtor – the subject of Renaissance's Proof of Claim – could "proceed to its natural conclusion." [Dkt. 89, at ¶ 1]. In so ruling, this Court held that "[t]o the extent [Renaissance] establishes a claim against the Debtor, such claim shall be an unsecured pre-petition claim and treated as such." [*Id.* at ¶ 2.].

15. On June 9, 2022, after the Court lifted the automatic stay with respect to the Arbitration, this law firm received a letter from the Debtor's counsel, requesting "backup for the allegations contained in…[Renaissance's] Proof of Claim." *See* **Exhibit C** to the 2004 Application. This law firm replied to Mr. Ciardi noting that Donnellan, special counsel to the Debtor in this bankruptcy case and counsel to the Debtor in the Arbitration, is already "in receipt of Renaissance's complete document production." *See* **Exhibit D** to the 2004 Application.

## **OBJECTION**

**1. Rule 2004 cannot be used as an "end-run" to facilitate discovery in a pending non-bankruptcy litigation**.

16. The 2004 Application should be denied because the Debtor is seeking to use the broad powers of Rule 2004 to garner an unfair advantage in the Arbitration.

17. Although broad in scope, a Rule 2004 examination has limits. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). Most importantly, "it must *first* be determined that the examination is proper." *Id.* at 842 (emphasis in original) (internal citations omitted).

18. A Rule 2004 examination is proper where there is a nexus between the materials sought by the subpoena and the needs of the requesting party as a party in interest in the bankruptcy case. *Id.*

19. However, courts have routinely held that Rule 2004 applications are improper where, as here, the entity requesting the examination is attempting to benefit in pending non-

4

bankruptcy litigation. Indeed, "[t]he use of a Rule 2004 examination to further litigation of a case in state court has been characterized as an 'abuse' of the rule." *In re Bibhu LLC*, 2019 WL 171550, at *2 -3 (Bankr. S.D.N.Y. Jan. 10, 2019) (denying Rule 2004 examination because the creditor was seeking to use Rule 2004 to obtain discovery in a different litigation); *In re Enron Corp.*, 281 B.R. 836 at 845 (denying Rule 2004 discovery where party was "attempting to employ Rule 2004 for discovery in [a different a]ction and not for the purpose of asserting their rights as a party in interest in this bankruptcy case"); *In re Cambridge Analytica LLC*, 600 B.R. 750, 752 (Bankr. S.D.N.Y. 2019) (similar); *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, No. 09-11893 (SMB), 2014 WL 5486279, at *3 (Bankr. S.D.N.Y. Oct. 30, 2014) (similar).

**2**.   **The Debtor's discovery request to further litigation of its Arbitration is an improper abuse of Rule 2004 and should be denied.**

20.    The Debtor asserts that through the 2004 Application it "seeks the information used by Renaissance to develop and calculate the Proof of Claim." [Dkt. 94, at ¶ 18]. But that makes no sense given the specific facts of this case. Renaissance's claims set forth in its Proof of Claim are now "proceed[ing] to [their] natural conclusion" in the Arbitration, as directed by this Court. [Dkt. 89, at ¶ 1]. Indeed, this Court lifted the stay precisely to allow the Arbitration to reach its natural conclusion. To the extent Renaissance establishes a claim against the Debtor (or does not), Renaissance will have to amend its Proof of Claim to reflect the award (or lack thereof) in the Arbitration. [Dkt. 89, at ¶ 2].

21.    In other words, the 2004 Application serves no purpose other than to attempt to gain an unfair advantage in the Arbitration by deposing Renaissance's principals – which is not permitted in the Arbitration – prior to the actual Arbitration hearing. That is beyond the scope of a Rule 2004 discovery request.

22. Further, any additional document discovery of Renaissance in the Debtor's bankruptcy case would be duplicative of the discovery that already took place in the Arbitration. Donnellan, special counsel to the Debtor in this case, and counsel to the Debtor in the Arbitration, already possesses all documentary information in Renaissance's possession that could be relevant to the claims asserted in the Arbitration (and Proof of Claim). Additional discovery would be a waste of this Court's and the parties' resources and time. That is why Renaissance directed Debtor's counsel to Donnellan in its June 14, 2022 letter. *See* **Exhibit D** to the 2004 Application.

23. This is consistent with Rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") which requires that the Bankruptcy Rules be construed "to secure the just, speedy, and inexpensive determination of" every case and proceeding. Granting the Debtor's Rule 2004 Application would be inconsistent with such judicial efficiency.

24. Accordingly, Renaissance respectfully submits that the Debtor's Rule 2004 Application should be denied because it was submitted for an improper purpose, it represents an improper abuse of Rule 2004 and is duplicative of the discovery that has been completed in the Arbitration.

**WHEREFORE**, Renaissance respectfully requests that the Court (i) deny the 2004 Application in all respects, and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 8, 2022

Respectfully submitted,

HERRICK, FEINSTEIN LLP

By: /s/ Steven Smith
    Steven Smith
Andrew Wagner
Two Park Avenue
New York, New York 10016
ssmith@herrick.com

HF 14473527v.5

awagner@herrick.com
Telephone: (212) 592-1400
Facsimile: (212) 592-1500

*Attorneys for Renaissance Hotel Partners, LLC*

HF 14473527v.5