UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550
(215) 557-3551 fax
aciardi@ciardilaw.com
jcranston@ciardilaw.com

In Re:

BLT RESTAURANT GROUP LLC,
                                 Debtor.

CASE NO. 22-10335

CHAPTER 11

JUDGE: LGB

## DEBTOR'S REPLY TO THE OBJECTION TO THE DEBTOR'S MOTION TO SELL ASSETS FILED BY THE WELBURN CLAIMANTS[1]

BLT Restaurant Group LLC, the debtor and debtor in possession in the above-captioned case (the "Debtor"), hereby replies (the "Reply") to the Objection, filed by the Welburn Claimants, to the Debtor's motion for the entry of an order (I) approving the form, manner and notice of bidding procedures, (II) authorizing the sale of substantially all of the assets, described herein (the "Assets"), free and clear of liens, claims and encumbrances, and (III) granting related relief (the "Sale Motion"). In support of this Reply, the Debtor respectfully represents as follows:

### INTRODUCTION

1. The Debtor files the Reply to address issues raised by the Welburn Claimants in the Objection.

---

[1] The "Welburn Claimants" is a defined term used throughout the Debtor's filings including but not limited to the Debtor's Response (DI 63) to the Motion for Relief filed by the Welburn Claimants and its Plan of Reorganization and Disclosure Statement (DI 67 and 68).

## THE REPLY

2. On July 11, 2022, the Debtor exhausted the DIP Facility[2].

3. Realizing it was about to run out of money, the Debtor filed the Sale Motion on June 30, 2022 in an effort to begin an efficient and streamlined auction process while the Debtor continues to operate.

4. Indeed, as of the date of the Reply, the Debtor is experiencing cash flow issues such that certain vendors critical to underlying restaurant operations have been asked to extend out terms beyond those that were agreed to.

5. Given the unsubstantiated, yet continuous, allegations made in this case by the Welburn Claimants pertaining to JL Holdings 2002 LLC, the Debtor's DIP Lender and member, and its loans to the Debtor, JL Holdings 2002, LLC declines to make further advancements to the Debtor at this time.

6. Indeed, after the April 28, 2022, hearing on the Welburn Claimants' Motion for Relief in an effort to assuage the Welburn Claimants' concerns related to the JL Holdings 2002, LLC loans, the Debtor provided the following information to counsel for the Welburn Claimants:

    (a) Underlying loan documents;

    (b) An accounting of all funds going into the Debtor and out of the Debtor over the course of the loans;

    (c) A history of loan and capital infusion history;

    (d) Proof of payment of all funds to the Debtor; and

    (e) store level information on sales, revenue and expenses.

---

[2] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the Debtor's Debtor-in-Possession Financing Motion (DI 14).

2

*See* May 9, 2022, emails from counsel for the Debtor to counsel for the Welburn Claimants providing documents to Counsel for Welburn Claimants attached hereto as **Exhibit A**. To date, the Welburn Claimants have failed to raise a substantive issue or claim related to the detailed financial information provided to them by the Debtor concerning the JL Holdings 2002 LLC funding of the Debtor.

7. Simultaneously with the provision of the above-referenced documents, the Debtor and the Welburn Claimants, through counsel, endeavored to pick a mediator for the agreed-upon mediation pursuant to the Court's Mediation Order. *See* Docket No. 84.

8. On June 6, 2022, the parties agreed to Richard Levy, Esq. as a mediator and Debtor's Counsel made initial Contact. On the same date, Mr. Levy advised the parties he had represented parties affiliated with the Debtor in the past and would provide a detailed representation summary. *See* R. Levy June 6, 2022, email chain attached as **Exhibit B.**

9. On June 16, 2022, counsel for the Welburn Claimants, after speaking with Mr. Levy, declined to move forward with Mr. Levy as a potential mediator. *See* **Exhibit C**.

10. Since that time, Counsel for the Debtor requested authority from Counsel for the Welburn Claimants to contact the Court with both a status and request for the Court to appoint a mediator pursuant to the Mediation Order. However, Counsel for the Debtor never received this authority. *See* **Exhibit D.**

11. Understanding that the Welburn Claimants take issue with both the speed of this process and the proposed valuation of the Assets, the Debtor is happy to allow counsel for the Welburn Claimants, or any other bidder, into the data room it has established for the auction process. However, the Debtor notes the Welburn Claimants, already in possession of much, if not all, of the Debtor's current financials, have not made an offer to purchase the assets of the Debtor or sought to otherwise independently value the Assets.

3

12. Indeed, the Welburn Claimants appear content to sit on the sidelines of this case, expending little time, energy, or funds, while making wild accusations about the Debtor's good faith.

13. The fact remains, the Debtor is out of money and the Welburn Claimants are unsecured creditors.

14. Since the hearing on the Welburn Claimants' Motion for Relief, one of the Debtor's restaurant locations closed, leaving it with three owned restaurants, and the Debtor's remaining owned locations are, as of the date of the filing of this Reply, unable to certain vendors within terms.

15. A plan confirmation process will take at least ninety (90) days and the Debtor has no ability to fund operations. The auction process proposed in the Sale Motion is the Debtor's best shot at yielding any return for the Debtor's unsecured creditors given its current lack of funding prospects.

16. This Debtor has, at all times, operated in good faith for the benefit of its restaurant level employees, customers, and communities it serves.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order DENYING the Objection, GRANTING the Motion, and providing such other and further relief as is just and proper.

Respectfully submitted,

Dated: July 18, 2022,    By:    */s/ Albert A. Ciardi, III*
CIARDI CIARDI & ASTIN
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550; (215) 557-3551 fax
*Counsel to the Debtor*
*and Debtor-in-Possession*

4