Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA 19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
Counsel for the Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re:* | : | Chapter 11 |
| | : | |
| **BLT Restaurant Group LLC,** | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 22-10335(LGB) |
| | : | |

**REPLY TO RENAISSANCE HOTEL PARTNERS, LLC'S OPPOSITION TO THE
*EX PARTE* APPLICATION FOR AN ORDER, PURSUANT TO
FED. R. BANKR. P. 2004, AUTHORIZING THE DEBTOR TO
<u>EXAMINE RENAISSANCE HOTEL PARTNERS LLC</u>**

BLT Restaurant Group LLC (the "Debtor"), by and through counsel, Ciardi Ciardi & Astin, hereby submits this reply (the "Reply") to Renaissance Hotel Partners, LLC's opposition (the "Objection") to the *ex parte* application for an order, pursuant to Fed. R. Bankr. P. 2004, authorizing the Debtor to examine Renaissance Hotel Partners, LLC (the "2004 Application") and, in support thereof avers as follows:

1. The fact remains that Renaissance Hotel Partners, LLC ("Renaissance") filed a proof of claim in the amount of $2,574,103 (the "Proof of Claim") on May 26, 2022. *See* Claim 14 attached to the 2004 Application as **Exhibit B**.

1

2. At the same time as the hearing on the 2004 Application, the Court will hold an initial hearing on the Debtor's Sale Motion (Docket No. 101). Existing on a parallel track, is the Debtor's plan process.

3. Directly affecting the Debtor's ability to estimate existing claims, Renaissance's refusal to append to its proof of claim the basic information used to support the calculation of the alleged amount owed places the Debtor in an untenable situation: guessing at how Renaissance came up with its claims.

4. Bankruptcy Counsel for the Debtor has not received discovery from Renaissance in connection with the underlying arbitration and requires only the basic information, requested of all creditors, in support of any proof of claim filed in a chapter 11 bankruptcy: proof of how the claim was calculated.

5. In order for the Debtor to accurately estimate claims against it related to the proposed sale and plan processes, the Debtor effectively requires Renaissance's damages calculations.

6. Rather than sort through a data room of all discovery provided to special counsel for the Debtor in connection with the arbitration, the Debtor makes this request of Renaissance that is equally as applicable to any creditor filing a proof of claim in good faith.

7. The Debtor does not seek to conduct an end run around arbitration discovery rules with a deposition. Rather, it seeks the information (support of this proof of claim) that any alleged creditor is obligated to provide in the aid of claims estimation, administration, and distribution.

WHEREFORE**,** the Debtor respectfully requests that this Court enter an order, substantially in the form of that annexed to the 2004 Application as **Exhibit A**, and for such

other and further relief as the Court determines to be just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 18, 2022 | CIARDI CIARDI & ASTIN |
| By: | */s/ Albert A. Ciardi, III* <br> Albert A. Ciardi, III, Esq. <br> Jennifer C. McEntee, Esq. <br> 1905 Spruce Street <br> Philadelphia, PA 19103 <br> (215) 557 3550 <br> aciardi@ciardilaw.com <br> jcranston@ciardilaw.com |