**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re:* | : | |
| | : | **Chapter 11** |
| **BLT Restaurant Group LLC,** | : | |
| | : | **Bankruptcy No. 22-10335 (LGB)** |
| Debtor. | : | |
| | : | |

**JOINDER OF JL HOLDINGS 2002 LLC IN SUPPORT OF**
**DEBTOR'S REPLY TO OBJECTION TO DEBTOR'S MOTION TO SELL**
**ASSETS FILED BY THE WELBURN CLAIMANTS**

JL Holdings 2022, LLC ("JL Holdings"), by and through its undersigned counsel, hereby files this Joinder in Support of BLT Restaurant Group LLC's (the "Debtor") Reply to Objection to Debtor's Motion to Sell Assets Filed by the Welburn Claimants ("Claimants") (D.I. #111), and in support of the Debtor's Motion, JL Holdings states:

1.      On or about March 18, 2022, the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.      The Debtor has remained in possession of its assets and continued management of its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3.      As of the Petition Date, the Debtor was a party to a loan advanced by JL Holdings evidenced by, among other things, a Promissory Note, Loan and Security Agreement and UCC.

4.      JL Holdings is the largest secured creditor of the Debtor, and its claim is listed in the Debtor's Schedules.

5.      JL Holdings asserts a pre-petition secured claim of $7,831,000, as evidenced and as set forth in its proof of claim filed with the Court Claims Register as

Proof of Claim # 13.

6.      JL Holdings also provided Debtor in Possession financing to the Debtor (the "DIP Loan") secured by all assets of the Debtor in an amount up to $600,000, approved by this Court.

7.      As a result of the Debtor exhausting the DIP Facility, the Debtor seeks to sell of its assets and has set a minimum purchase price for its Assets at $750,000 to be paid at closing. (the "Minimum Purchase Price").

8.       Claimants assert unsubstantiated allegations against the Debtor in a dispute that is subject to mediation, yet to occur. Claimants also assert unsubstantiated allegations at JL Holdings.

9.      At this time, JL Holdings has declined to make any further advances to the Debtor.

10.      The Debtor is not rushing a sale and have not violate the fundamental principal of law. Claimants have failed to establish that the Debtor's Motion or plan amounts to a *sub rosa* plan of reorganization.

11.      Claimants provide no substance to delay the Debtor's sale, and the value of the Assets will be vetted through the Debtor's bid procedures, providing an opportunity for additional purchasers.

12.       Claimants provide no basis to strip from JL Holdings its ability to credit bid under §363(k) of the Bankruptcy Code in connection with the proposed Sale.

13.      JL Holdings has a the right to credit bid for its collateral.  In fact, JL Holdings should have ability to bid the full amount of its secured claim.  Credit bids are governed by § 363(k) of the Bankruptcy Code which provides that:

At a sale under subsection (b) of this section of property that is subject to a lien that

2

secures an allowed claim, *unless the court for cause orders otherwise* the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.  11 U.S.C. §363(k) (emphasis added).

14.    The right to credit bit under § 363(k) of the Bankruptcy Code is a vital safeguard that insures against the undervaluation of the secured claim at an asset sale. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*,  132 S. Ct. 2065, 2070 n. 2 (2012) ("The ability to credit-bid helps protect a creditor against the risk that its collateral will be sold at a depressed price [ ]" by enabling the secured "creditor to purchase the collateral for what it considers the fair market price (up to the amount of its security interest) without committing additional cash to protect the loan.").

15.    Claimant has failed to set out the instances in which courts might find "cause" to limit credit bidding.  *See In re The Free Lance-Star Publ'g Co. of Fredericksburg*, VA, 512 B.R. 798, 801 (Bankr. E.D. Va. 2014) ("as the objecting parties, are treated as the movants and have the burden of proving cause"); *In re DeSoto*, 181 B.R. 704, 706 (Bankr. D. Conn. 1995).  Claimants failed to carry their burden.

16.    Further, "It is well settled among district and bankruptcy courts that creditors can bid the full face value of their secured claims under § 363(k)."  *In re SubMicron Sys. Corp.*, 432 F.3d 448, 459–61 (3d Cir. 2006) (citing *In re SunCruz Casinos, LLC*, 298 B.R. 833, 839 (Bankr. S.D. Fla. 2003) ("[T]he plain language of [§ 363(k)] makes clear that the secured creditor may credit bid its entire claim, including any unsecured deficiency portion thereof." (emphasis in original); *In re Morgan House Gen. P'ship*, Nos. 96–MC–184 & 96–MC–185, 1997 WL 50419, at *1 (E.D. Pa. Feb. 7, 1997) (holding that secured creditors may bid "to the extent of [their] claim" under § 363(k)).

17.    Here, JL Holding is entitled to protect its right to credit bid and seeks to

3

safeguard its interest, rather than chill bidding through reserving the right to credit bid.

18.     JL Holdings has every reason to see the value of this property maximized through the Sale process.

19.     Accordingly, JL Holdings must (i) be deemed a qualified bidder with respect to its collateral and (ii) have the right to appear at and participate in the sale process.

20.     The Debtor's sale process provides for overbids, and the proposed terms will not chill bidding.

## RESERVATION OF RIGHTS

21.     JL Holdings reserves the right to supplement and/or amend this Joinder on any grounds based upon information discovered.  JL Holdings also reserves the right to supplement and/or amend this Joinder based on any additional arguments brought by any other party in interest, and to participate in the hearing on the Debtor's Motion.

**WHEREFORE**, JL Holding 2022 LLC respectfully requests that this Honorable Court enter an order granting the relief requested by the Debtor in its Motion and overruling the Claimants objections in their entirety and granting such other and further relief as may be just and proper.

**BIELLI & KLAUDER LLC**

Dated:  July 18, 2022                    By:   /s/ Angela L. Mastrangelo
                                              Thomas D. Bielli, Esquire
                                              Angela L. Mastrangelo, Esquire
                                              1204 N. King Street
                                              Wilmington, DE 19801
                                              Phone: (302) 803-4600
                                              tbielli@bk-legal.com
                                              mastrangelo@bk-legal.com
                                              *Counsel to JL Holdings 2002, LLC*