Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA  19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
Counsel for the Debtor

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **BLT Restaurant Group LLC,** | : | |
| | : | |
| Debtor. | : | Bankruptcy No. 22-10335(LGB) |
| | : | |

### AMENDED
### MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9013 (I) APPROVING FORM, MANNER AND NOTICE OF BIDDING PROCEDURES, (II) AUTHORIZING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, AND (III) GRANTING RELATED RELIEF

BLT Restaurant Group LLC (the "Debtor"), by and through counsel, Ciardi Ciardi & Astin, hereby submits this AMENDED motion for the entry of an order (I) approving the form, manner and notice of bidding procedures, (II) authorizing the sale of substantially all of the assets, described herein (the "Assets"), free and clear of liens, claims and encumbrances, and (III) granting related relief (the "Amended Motion"), and, in support thereof, respectfully avers as follows:

1

## JURISDICTION

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004 and 9013.

## BACKGROUND

2. On March 18, 2022 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization pursuant to chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

3. Since the Filing Date, the Debtor has remained in possession of its assets and continued management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. An official committee of unsecured creditors (the "Committee") has not been appointed.

5. The Debtor is a limited liability company organized under the laws of New York and having, at present, two members: JL Holdings 2002 LLC (99.9%) and JUNO Investments LLC (.01%).

6. JL Holdings 2002 LLC is a limited liability company organized under the laws of New York and is a secured creditor of the Debtor.

7. Juno Investments LLC is a limited liability company organized under the laws of New York.

2

8.   On June 30, 2022, the Debtor filed a Motion for the entry of an order (I) approving the form, manner and notice of bidding procedures, (II) authorizing the sale of substantially all of the assets, described herein (the "Assets"), free and clear of liens, claims and encumbrances, and (III) granting related relief (the "Motion"). Based upon events that have transpired since June 30, 2022, the Debtor now seeks additional relief as set forth in the Amended Motion.

9.   The Amended Motion seeks the following additional relief:

a.   **The elimination of a separate bid procedures hearing**. All bids for the Debtor's Assets shall be due on or before the sale hearing (the "Sale Hearing") which is now scheduled for **August 3, 2022, at 10:00 a.m.** Bids shall be filed with the Court and provided to Debtor's counsel no later than **August 2, 2022 at 2:00 p.m.** and shall include (i) proof of ability to close on the purchase and (ii) an identification of those contracts to which the Debtor is a party that the bidder would like to have assumed and assigned to the bidder and (iii) information both operational and financial demonstrating adequate assurance of future performance.

b.   All bids, including the bid of JL Holdings 2002 LLC and any credit bid, shall be considered at the Sale Hearing and the Court shall resolve all bidding issues. The Debtor and potential bidders shall suggest, to the extent there are competing bids, appropriate bid increments and time intervals and the Court shall resolve all disputes arising from said agreement.

      c.      Upon the conclusion of the Sale Hearing and the entry of a Sale Order[1], the Debtor shall file a motion to assume and assign to the successful bidder those contracts that the successful bidder would request be assigned.

10.      JL Holdings 2002 LLC has a pre-petition, secured claim of $7,831,000.

11.      The Debtor arranged for Debtor in Possession financing (the "DIP Loan") secured by all assets of the Debtor in an amount up to $650,000 from JL Holdings 2002 LLC (the "Credit Bidder"). A final order was entered on April 20, 2022. *See* Docket No. 62. A further interim Order will be requested on August 3, 2022, increasing the DIP Loan to $650,000.

12.      JL Holdings 2002 LLC made bid for all of the assets of the Debtor for an aggregate bid of $750,000 which includes a credit bid of all DIP loan amounts and cash. To the extent there is bidding above $750,000, JL Holdings 2002 LLC may make further credit bids based on its pre-petition secured claim.

13.      The Debtor wishes to sell all of its assets, causes of action, and licenses, listed on its Schedules and Statement of Financial Affairs, as they have been amended from time to time, as well as assume and assign all license agreements, management agreements and lease agreements (the "Assets") to the potential buyer that produces the highest and best offer at auction.

14.      The minimum purchase price for the Assets is $750,000 paid at closing (the "Minimum Purchase Price").

15.      The Minimum Purchase Price is in an amount sufficient to satisfy the DIP Loan and provide for a distribution to unsecured creditors.

---

[1] All capitalized, yet undefined, terms herein have the meaning ascribed to them in the initial Sale Motion filed by the Debtor on June 30, 2022.

4

16.     The Credit Bidder is not seeking any bid protection, breakup fee or expense reimbursement and there are no restrictions which will have the effect of chilling bidding.

17.     A sale under the aegis of this Court, where potential buyers can bid and where the Debtor can preserve its going concern value in the interim, is the most efficient and appropriate manner in which to preserve and sell this company.

## BIDDING PROCEDURES

18.     The Debtor seeks to sell the Assets at auction with a minimum bid set by the Credit Bid.

19.     Accordingly, the Debtor requests authority to continue to market the Assets until the date of the sale hearing in order to entertain higher and better offers.

20.     Any party who desires to submit a higher or better offer on the Assets may do so at the Sale Hearing. All bids for the Debtor's Assets shall be due on or before the Sale Hearing, which is now scheduled for **August 3, 2022, at 10:00 a.m.** Bids shall be filed with the Court and provided to Debtor's counsel no later than **August 2, 2022 at 2:00 p.m.** and shall include (i) proof of ability to close on the purchase and (ii) an identification of those contracts to which the Debtor is a party that the bidder would like to have assumed and assigned to the bidder and (iii) information both operational and financial demonstrating adequate assurance of future performance. All bids, including the bid of JL Holdings 2002, LLC, and any credit bid shall be considered at the Sale Hearing and the Court shall resolve all bidding issues. The Debtors and bidders shall suggest, to the extent there are competing bids, appropriate bid increments and time intervals and the Court shall resolve all disputes.

## THE BASIS FOR RELIEF AND THE REASONS THEREFOR

21. By this Motion, the Debtor seeks the entry of an order by the Court

   a) to be entered at the Sale Hearing pursuant to section 363 of the Bankruptcy Code approving the sale of the Assets free and clear of liens, claims, encumbrances and interests (the "Sale Approval Order").

## THE SALE APPROVAL ORDER

22. The Debtor seeks the entry of an order pursuant to section 363 of the Bankruptcy Code, approving the sale of the Assets in all respects, free and clear of any and all liens, claims, encumbrances and interests in or on the Assets. The Sale Approval Order will incorporate the terms proposed by the winning bidder (the "Successful Bidder").

23. Pursuant to section 541 of the Bankruptcy Code, the Assets to be sold to the Successful Bidder (the "Sale"), are assets of the Debtor's bankruptcy estate.

24. In accordance with sections 363, 1107 and 1108 of the Bankruptcy Code, debtors-in-possession are authorized to sell property of the estate and maximize recoveries for their creditors.

25. Section 363(b) of the Bankruptcy Code authorizes a debtor or a trustee to sell its assets outside of the ordinary course of business. *See* 11 U.S.C. § 363(b)(1).

26. Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

   (f) [t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
   (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   (2) such entity consents;

6

> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

27. Generally, a debtor must show that each of the following elements have been met before a section 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) that the sale has been proposed in good faith; (iii) that the sale price is fair and reasonable; (iv) that accurate and reasonable notice has been provided of the transaction. *In re WDH Howell, LLC*, 298 B.R. 527, 534 (D. N.J. 2003); *In re Stroud Ford, Inc.*, 163 B.R. 730 (Bankr. M.D. Pa. 1993).

28. Courts have made it clear that a debtor's showing of a sound business justification need not be exhaustive, but rather a debtor or trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin-United Com.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

29. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *In re Lionel Com.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

30. "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." *In Re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy s purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Id.*

31.     Here, the Credit Bid sets a minimum purchase price sufficient to satisfy the DIP Loan and provide a distribution to unsecured creditors.

32.     The Credit Bidder is a member of the Debtor and the DIP Lender, but the bidding procedures and the competitive process established by those procedures provides evidence of good faith.

33.     The Debtor believes that the prompt sale of the Assets, as it is proposed in the Motion, is in the best interests of the creditors and the estate and further believes the Credit Bid sets a minimum purchase price for the Assets that is fair and reasonable.

34.     Pursuant to the Sale, the Assets shall be sold free and clear of all liens, claims, encumbrances and interests that may be asserted by any entity claiming an interest therein. Such liens, claims, encumbrances and interests shall be transferred and attach to the sale proceeds of the Property, subject to further orders of the Court and the rights, claims, defenses, and objections, if any, of any or all interested parties with respect thereto.

### THE SALE COMPLIES WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(f)(1).

35.     Federal Rule of Bankruptcy Procedure 6004(f)(1) provides that all sales not in the ordinary course of business may be by private sale or public auction. *See* Fed. R. Bankr. P. 6004(f)(1).

36.     The proposed public auction, pursuant to the proposed bid procedures order, therefore, complies with Federal Rule of Bankruptcy Procedure 6004(f)(1).

## APPROVAL OF THE SALE PROCESS IS WARRANTED

37. The applicable principle of law with respect to the approval of asset sales in bankruptcy is stated in the case of *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). The Court in *Lionel* held that approval of a sale is appropriate if the court finds the transaction represents a reasonable business judgment on the part of the debtor. *See also, Stephens Industries v. McClung*, 789 F.2d 3863 (6th Cir. 1986); *In re Coastal Industries, Inc.*, 63 B.R. 361 (Bankr. N.D. Ohio 1986), *In re Baldwin United Corp.*, 43 B.R. 888 (Bankr. S.D. Ohio 1984).

38. In light of the foregoing, the Debtor has determined that the proposed Sale with a minimum purchase price established by the Credit Bid, on the terms and conditions set forth herein, is appropriate and in the best interest of its estate and all parties in interest.

39. The Sale will enable the Debtor to fund its plan that can provide for a distribution to secured and unsecured creditors that likely would not be available absent the Sale.

WHEREFORE, the Debtor respectfully requests that this Court (i) enter an Order approving the sale of the Assets free and clear of liens, claims, encumbrances and interest in a form substantially similar to the attached proposed form of Order, and (ii) grant such other and further relief as this Court deems just.

Respectfully submitted,

CIARDI CIARDI & ASTIN

Dated: July 22, 2022    By:    */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557 3550
aciardi@ciardilaw.com
jcranston@ciardilaw.com
***Counsel for the Debtor***

9