Albert A. Ciardi, III, Esquire
Jennifer C. McEntee, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street
Philadelphia, PA 19103
aciardi@ciardilaw.com
jcranston@ciardilaw.com
Telephone: (215) 557-3550
Facsimile: (215) 557-3551
Proposed Counsel for the Debtor

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **BLT Restaurant Group LLC,** | : | |
| | : | |
| Debtor. | : | **Bankruptcy No. 22-10335-lgb** |
| | : | |

**FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364 AND 507: (A) AUTHORIZING AND APPROVING DEBTOR'S ADDITIONAL POST-PETITION FINANCING; (B) GRANTING LIENS AND SECURITY INTERESTS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (C) AUTHORIZING USE OF CASH COLLATERAL AND AFFORDING ADEQUATE PROTECTION; AND (D) MODIFYING THE AUTOMATIC STAY**

This matter having come before this Court upon the motion, dated July 21, 2022, [Docket No. [118] (the "Motion"),[1] filed by BLT Restaurant Group LLC (the "Debtor"), as a debtor and debtor in possession in the above-captioned chapter 11 case (the "Case"), pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(e) and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an interim order (this "Interim Order") and, ultimately, a final order (the "Final Order"), *inter alia*:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

(i) authorizing and approving, pursuant to sections 105, 361, 362, 363, 364(c)(1), 364(c)(2), 364(c)(3), 364(e) and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014, the Debtor to obtain additional secured post-petition financing on a subordinate and superpriority basis (the "DIP Facility") on and with respect to the DIP Collateral (as defined below) pursuant to the terms and conditions of that certain Debtor-in-Possession Loan Agreement attached to the DIP Motion as Exhibit A (the "DIP Loan Agreement;" together with the agreements, documents, instruments, security deeds and certificates executed by the Debtor or otherwise delivered in connection therewith, the "DIP Loan Documents"), by and between the Debtor, as borrower, and JL Holdings 2002 LLC (the "DIP Lender"), as lender, providing for, *inter alia*, a superpriority, new money, term loan credit facility providing for the borrowing of money in accordance with the Approved Budget (attached hereto as Exhibit "A") in an aggregate principal amount of $50,000 cumulative of the protective advance in the amount of $20,000 funded by the DIP Lender on July 21, 2022 subject to the terms and conditions set forth in (a) the Interim Order entered by the Court on July 22, 2022, (b) this Final Order, and (c) the existing DIP Loan Documents, all of which are incorporated entirely into this Final Order and

(ii) granting certain related relief.

This Court having considered the Motion, the initial financing motion (the "Initial DIP Motion") identified as docket number 14,, the DIP Loan Documents, the record established at the interim hearing held on March 28, 2022 (the "Initial Interim Hearing") as well as the interim hearing held on July 22, 2022 (the "Interim Hearing") to consider the interim relief requested in the Motion,; and notice of the Interim Hearing having been given on an emergency basis in accordance with Bankruptcy Rules 4001(b), (c) and (d), and 9014 and all applicable local rules of this Court (the "Local Rules") on: (a) the office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) the DIP Lender and Pre-Petition Secured Party, JL Holdings 2002 LLC; and (d) the Internal Revenue Service (collectively, the "Interim Notice Parties"); and the Interim Hearing having been held and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by this Court; this Court entered the Interim DIP Order on July 22, 2022 (Docket No. 122).

2

And now, after a Final Hearing on the Motion, with proper notice provided to the Interim Notice Parties and the Final Hearing having been held and concluded; and all objections, if any, to the interim relief requested in the Motion having been withdrawn, resolved or overruled by this Court and it appearing to this Court that granting the final relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, and otherwise is fair and reasonable and in the best interests of the Debtor, its estate and their creditors, and is essential for the continued operation of the Debtor's business; and it further appearing that the Debtor is unable to obtain unsecured credit for money borrowed allowable as an administrative expense under Section 503(b)(1) of the Bankruptcy Code; and adequate protection being provided on account of the interests of certain holders of liens on the property of the Debtor's estate on which liens are to be granted; and after due deliberation and consideration, as well as the incorporation of all prior findings of fact and conclusions of law contained in this Court's Initial Interim Order and Final Order on the Interim Motion, and for good and sufficient cause appearing therefor:

IT IS ORDERED, ADJUDGED AND AGREED, that:

1.  <u>DIP Financing Approved</u>. The Motion is granted to the extent provided herein pursuant to Bankruptcy Rule 4001(c)(2), and the DIP Financing is authorized and approved, subject to the terms and conditions set forth in this Final Order and the DIP Loan Documents.

2.  <u>Objections Overruled</u>. All objections to the relief sought in the Motion to the extent not previously withdrawn, overruled or resolved are hereby overruled on the merits and overruled.

### **DIP Facility Authorization**

3.  <u>Authorization of the DIP Facility</u>. The DIP Facility and the DIP Financing are hereby approved by this Final Order.

4.  Authorization to Borrow. The Debtor is hereby authorized to borrow an aggregate principal amount of Fifty Thousand ($50,000) dollars under the DIP Facility, inclusive of the $20,000 protective advance made on July 21, 2022 approved under the Interim Order, (the "DIP Financing"), subject to the terms and conditions set forth in the DIP Loan Documents, the Interim Order and Final Order.

### Provisions Common to DIP Facility

8.  Amendment of the DIP Loan Documents or this Final Order. Except for actions expressly permitted to be taken by the DIP Lender, no amendment, modification, termination or waiver of any provision of the DIP Loan Documents or this Final Order or any other related documents, or any consent to any departure by the Debtor therefrom, shall in any event be effective unless the same shall be in writing (it being understood that any necessary signatures may be on a document consenting to such amendment, modification, termination or waiver) and signed by the DIP Lender and the Debtor. In the event of any such amendment, modification, termination or waiver, the Debtor shall provide notice thereof to the committee, to the extent one is appointed, and the U.S. Trustee not less than three (3) business days prior to the effective date thereof (or such shorter period as to which such parties may agree).

9.  Modification of Automatic Stay. The automatic stay imposed by Section 362(a) of the Bankruptcy Code is hereby modified as necessary to permit: (a) the Debtor to grant the DIP Liens and the Superpriority DIP Claims, and to perform such acts as the DIP Lender may request to assure the perfection and priority of the DIP Liens; (b) the Debtor to incur all liabilities and obligations to the DIP Lender as contemplated under this Final Order; (c) the Debtor to pay all amounts referred to, required under, in accordance with, and subject to the DIP Loan Documents

and this Final Order; (d) the Debtor to execute any amendments to the DIP Loan Documents agreed to in writing with the DIP Lender; and (e) the implementation of the terms of this Final Order.

10. <u>Perfection of DIP Liens and Post-Petition Liens</u>. This Final Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the DIP Liens granted herein without the necessity of execution, filing or recording any financing statement, mortgage, notice or other instrument or document that may otherwise be required under the law or regulation of any jurisdiction or the taking of any other action to validate or perfect (in accordance with applicable law) such liens, or to entitle the DIP Lender to the priorities granted herein. Notwithstanding the foregoing, the DIP Lender is authorized, but not obligated, to execute, file or record and the DIP Lender may require the execution, filing or recording, as it deems necessary in its sole discretion, such financing statements, mortgages, security deeds, notices of liens and other similar documents to perfect in accordance with applicable law or to otherwise evidence the DIP Liens, as applicable, and all such financing statements, mortgages, notices, and other documents shall be deemed to have been filed or recorded as of the Petition Date; <u>provided, however</u>, that no such filing or recordation shall be necessary or required in order to create or perfect the DIP Liens. The Debtor is authorized and directed to execute and deliver promptly upon demand to the DIP Lender all such financing statements, mortgages, security deeds, notices and other documents as the DIP Lender may reasonably request. The DIP Lender may file a photocopy of this Final Order as a financing statement or security deed with any filing or recording office or with any registry of deeds or similar office, in addition to or in lieu of such financing statements, notices of lien or similar instruments.

11. <u>After-Acquired Property</u>. Except as otherwise provided in this Final Order, pursuant to Section 552(a) of the Bankruptcy Code, all DIP Collateral acquired by the Debtor after the Petition Date, is not and shall not be subject to any lien of any person or entity resulting from any security agreement entered into by the Debtor prior to the Petition Date.

12. <u>Proceeds of Subsequent Financing</u>. If the Debtor, any trustee, any examiner with enlarged powers, or any responsible officer subsequently appointed in the Case or any Successor Cases, shall obtain credit or incur debt pursuant to Sections 364(b), (c), or (d) of the Bankruptcy Code in violation of this Final Order or the DIP Loan Documents at any time prior to the indefeasible payment in full in cash of all of the DIP Obligations, the satisfaction of the Superpriority DIP Claims, and the termination of the DIP Lender's obligations to extend credit under the DIP Facility and this Final Order, including subsequent to the confirmation of any plan with respect to the Debtor or the Debtor's estates, then all of the cash proceeds derived from such credit or debt shall immediately be turned over to the DIP Lender to be applied to the DIP Obligations.

13. <u>Maintenance of DIP Collateral</u>. Until the indefeasible payment in full in cash of all DIP Obligations and the termination of the DIP Lender's obligation to extend credit under the DIP Facility, the Debtor shall insure and otherwise maintain the DIP Collateral as required under this Final Order and the DIP Loan Documents, as applicable.

14. <u>Insurance Policies</u>. The Debtor shall continue to maintain all property, operational and other insurance as required and as specified in the DIP Loan Documents. Upon entry of this Final Order, the DIP Lender shall be, and shall be deemed to be, without any further action or notice, named as an additional insured and loss payee on each insurance policy maintained by the Debtor that in any way relates to the DIP Collateral.

15. <u>DIP Termination Date</u>. On the Termination Date (as defined in the DIP Loan Agreement), all DIP Obligations shall be immediately due and payable, and all commitments to extend credit under the DIP Facility will terminate.

16. <u>Rights and Remedies Upon Termination Event</u>. Notwithstanding the provisions of Section 362 of the Bankruptcy Code, and without order of or application or motion to this Court, immediately upon the occurrence and during the continuance of a Termination Event: (a) the DIP Lender may, by written notice to the Debtor, its counsel, the U.S. Trustee, counsel for the Pre-Petition Secured Party, and counsel for any committee terminate the DIP Facility, declare the DIP Obligations to be immediately due and payable, and subject to the immediately following clause (b), exercise all rights and remedies under the DIP Loan Documents and this Final Order; and (b) the automatic stay provisions of Section 362 of the Bankruptcy Code shall be vacated and modified to the extent necessary to permit the DIP Lender to take any or all of the following actions, without further order of or application to this Court (as applicable): (i) cease making any extensions of credit under the DIP Facility to the Debtor; (ii) declare all DIP Obligations to be immediately due and payable; (iii) immediately enforce any and all rights against the DIP Collateral in the possession of the DIP Lender, including, without limitation, disposition of the DIP Collateral solely for application towards the DIP Obligations, subject to the limitations contained in the Pre-Petition Secured Party Adequate Protection Order; and (iv) take any other actions or exercise any other rights or remedies permitted under this Final Order, the DIP Loan Documents or applicable law to effect the repayment of the DIP Obligations; <u>provided</u>, <u>however</u>, that prior to the exercise of any right in clauses (iii) or (iv), the DIP Lender shall be required to provide seven (7) calendar days written notice (the "<u>Remedies Notice Period</u>") to the Debtor, counsel for Pre-Petition Secured Party and counsel for any committee of the DIP Lender's intent to exercise such rights and

remedies. During the Remedies Notice Period, the Debtor and any committee shall be entitled to seek an emergency hearing with the Court in connection therewith (a "Remedies Challenge"). With respect to the aforementioned clauses (iii) and (iv), if the Debtor or any committee shall fail to file a Remedies Challenge during the Remedies Notice Period (or if the Debtor or any committee files a Remedies Challenge and the Court overrules such Remedies Challenge or otherwise determines that the DIP Lender is entitled to exercise its rights and remedies), then: (i) the automatic stay shall be terminated (at the end of the Remedies Notice Period if no Remedies Challenge is filed and upon entry of an order by the Court if a Remedies Challenge is filed); (ii) the Debtor shall cooperate fully with the DIP Lender in its exercise of rights and remedies, whether against the DIP Collateral or otherwise; and (iii) the Debtor shall waive any right to seek relief under the Bankruptcy Code, including under Section 105 thereof, to the extent such relief would restrict or impair the rights and remedies of the DIP Lender set forth in the Interim and Final Orders and in the DIP Loan Documents.

17.     Good Faith Under Section 364(e) of the Bankruptcy Code; No Modification or Stay of this Final Order. Based on the record deduced at the Interim Hearing and the Final Hearing, and the Declaration in Support, the DIP Lender has acted in good faith in connection with the DIP Facility, the Interim Financing and the Interim Order as well as the DIP Financing and this Final Order, and its reliance on this Final Order is in good faith. Based on the findings set forth in this Final Order and the record made during the Final Hearing, and in accordance with Section 364(e) of the Bankruptcy Code for any amounts loaned or advanced under this Final Order, in the event any or all of the provisions of this Final Order are hereafter modified, amended or vacated by a subsequent order of this Court or any other court, the DIP Lender is entitled to the protections provided in Section 364(e) of the Bankruptcy Code. Any such modification, amendment or

vacatur shall not affect the validity and enforceability of any advances previously made or made hereunder, or lien, claim or priority authorized or created hereby. Any liens or claims granted to the DIP Lender arising prior to the effective date of any such modification, amendment, or vacatur of this Final Order shall be governed in all respects by the original provisions of this Final Order, including entitlement to all rights, remedies, privileges and benefits granted herein.

18.     Proofs of Claim. The DIP Lender shall not be required to file proofs of claim in the Case for any claim allowed herein. Any proof of claim filed by the DIP Lender shall be deemed to be in addition to (and not in lieu of) any other proof of claim that may be filed by the DIP Lender.

19.     Right to Credit Bid. The DIP Lender shall have the right to "credit bid" the full amount of its claims in connection with any sale of all or any portion of the Debtor's assets, including, without limitation, sales occurring pursuant to Section 363 of the Bankruptcy Code or included as part of any restructuring plan subject to confirmation under section 1129(b)(2)(A)(iii) of the Bankruptcy Code. In connection with the foregoing, the DIP Lender shall have the right to assign their right to purchase all or any portion of the Debtor's assets in connection with any such "credit bid" to a newly-formed acquisition vehicle.

20.     Payment of Compensation. So long as an unwaived Termination Event has not occurred, and to the extent permitted under this Interim Order, the Debtor is authorized to pay fees and expenses allowed and payable, as applicable, by any interim, procedural or final order of this Court (that has not been vacated or stayed, unless the stay has been vacated) under Sections 330 and 331 of the Bankruptcy Code, as the same may be due and payable (but subject, in all respects, to the Approved Budget).

21.  <u>No Third Party Rights</u>.  Except as explicitly provided for herein, this Final Order does not create any rights for the benefit of any third party, creditor, equity holder, or any direct, indirect, or incidental beneficiary.

22.  <u>Fees and Costs of Clerk and US Trustee</u>.  For the avoidance of doubt, all liens and super-priority claims granted hereunder whether as adequate protection for use of cash collateral to Pre-Petition Secured Party or to the DIP Lender shall not prime fees or costs to the Clerk of the Court or the Office of the U.S. Trustee including applicable interest under 31 U.S.C. § 3717.

23.  <u>No Marshaling/Application of Proceeds</u>.  Upon entry of this Final Order providing for such relief, in no event shall the DIP Lender be subject to the equitable doctrine of "marshaling" or any similar doctrine with respect to the DIP Collateral, all proceeds shall be received and applied in accordance with this Final Order, and the DIP Lender shall not be subject to the "equities of the case" exception to Section 552(b).

24.  <u>Rights Preserved</u>.  Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: (a) the DIP Lender's rights to seek any other or supplemental relief in respect of the Debtor; (b) the rights of the DIP Lender under the DIP Loan Documents, the Bankruptcy Code or under applicable law, including, without limitation, the right (i) upon the occurrence and during the continuation of a Termination Event, to (A) request modification of the automatic stay of Section 362 of the Bankruptcy Code, (B) request dismissal of the Case, conversion of the Case to a case under chapter 7, or appointment of a chapter 11 trustee or examiner with expanded powers, or (C) propose, subject to the provisions of Section 1121 of the Bankruptcy Code, a chapter 11 plan or plans of reorganization or liquidation, or (ii) to object to the application or motion by any

professionals retained by the Debtor or any committee for the payment of fees and expenses; or (c) any other rights, claims, or privileges (whether legal, equitable or otherwise) of the DIP Lender. Notwithstanding anything herein to the contrary, the entry of this Final Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the Debtor's or any party-in-interest's right to oppose any of the relief requested in accordance with the immediately preceding sentence except as expressly set forth in this Final Order.

25. <u>No Waiver by Failure to Seek Relief</u>. The DIP Lender's delay or failure to exercise rights and remedies under the DIP Loan Documents, applicable law, or this Final Order shall not constitute a waiver of any of the DIP Lender's rights hereunder, thereunder or otherwise, unless any such waiver is pursuant to a written instrument executed by the DIP Lender.

26. <u>Binding Effect of this Final Order</u>. Pursuant to Bankruptcy Rules 6004(h) and 7062, immediately upon entry by this Court, this Final Order shall inure to the benefit of the Debtor and the DIP Lender, and it shall become valid and binding upon the Debtor and the DIP Lender, their respective successors and assigns, any and all other creditors of the Debtor, any committee appointed in the Case or any Successor Cases, including, without limitation, any committee, and all other parties-in-interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed as legal representative of the Debtor in the Case or any Successor Cases, or upon dismissal of the Case or any Successor Cases. Further, upon entry of this Final Order: (a) the Debtor's admissions contained herein shall be binding on the Debtor; and (b) the DIP Obligations of the Debtor under the DIP Loan Documents shall constitute allowed claims for all purposes in the Case or any Successor Cases for any amounts loaned or advanced pursuant to this Final Order.

27.   <u>Final Order Controls</u>.  In the event of any inconsistency between the terms and conditions of the DIP Loan Documents, any other document or any other order of this Court approving the DIP Loan Documents and this Final Order, the provisions of this Final Order shall govern and control.

28.   <u>Survival</u>.  Unless otherwise agreed to by the DIP Lender, the provisions of this Final Order and any actions taken pursuant hereto shall survive entry of any order that may be entered: (a) confirming any plan of reorganization or liquidation in the Case; (b) converting the Case to a case under chapter 7 of the Bankruptcy Code; (c) dismissing the Case; or (d) pursuant to which this Court abstains from hearing the Case or any Successor Case.  The terms and provisions of this Final Order, including the claims, liens, security interests, and other protections (as applicable) granted to the DIP Lender pursuant to this Final Order, notwithstanding the entry of any such order, shall continue in the Case or any Successor Cases, or following dismissal the Case or any Successor Cases, and shall maintain their priority as provided by this Final Order.  The terms and provisions concerning the indemnification of the DIP Lender shall continue in the case or any Successor Cases following dismissal of the Case or any Successor Cases, termination of the provisions of this Final Order, and/or the indefeasible repayment of the DIP Obligations.

29.   <u>Entry of this Final Order/Waiver of Applicable Stay</u>.  The Clerk of this Court is hereby directed to forthwith enter this Final Order on the docket of this Court maintained in regard to the Case.  This Final Order shall be effective upon its entry and not subject to any stay (all of which are hereby waived), notwithstanding anything to the contrary contained Bankruptcy Rule 4001(a)(3).

30.   <u>Notice of Entry of this Final Order</u>.  The Debtor's counsel shall serve a copy of this Final Order or a suitable notice respecting same on all of the following parties:  (a) the U.S.

Trustee; (b) the Internal Revenue Service; (c) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (d) counsel to the DIP Lender; (e) counsel to the Pre-Petition Secured Party; (f) counsel to any committee ; (g) all other known parties with liens of record on assets of the Debtor as of the Petition Date;  and (h) all financial institutions at which the Debtor maintains deposit accounts;

31.  Effect of this Final Order.  Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 and 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Order.  The requirements of Bankruptcy Rule 4001(a)(2) have been satisfied.

32.  Retention of Jurisdiction.  This Court shall retain jurisdiction to hear, determine and, if applicable, enforce the terms of, any and all matters arising from or related to the DIP Facility and/or this Final Order.

**DATED:**
**NEW YORK, NEW YORK**

**HONORABLE LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**